# 150        CASES IN THE SUPREME COURT

McCARTY v. ROBERTS.

A material allegation of new matter in answer, under the code of 1852, means some fact which the plaintiff is not bound to prove in the first instance to establish his cause of action, and which goes in avoidance or discharge of the cause of action alleged in the complaint.

Action for dower by a widow against the purchaser of real estate of her deceased husband. Answer, denying the allegations in the complaint, and alleging that the husband had made his will whereby he devised land to the plaintiff in lieu and bar of dower; that the will had been duly proved more than one year before the commencement of the suit; that though its contents were fully known to the widow at the date of probate, she did not within one year thereafter elect to have her dower, but on the contrary elected to take under the will. No reply. The case was governed by R. S. 1843, ch. 28, ss. 101, 102.

*Held*, that under the statute, the facts stated in the answer constituted a bar to the action; that the answer contained a material allegation of new matter, and that, there being no reply, the new matter must, for the purposes of the action, be taken as true.

*Held*, also, that the failure to reply was, of itself, an admission of the facts alleged in the answer, and that further effort to have them confessed was, therefore, needless; for otherwise there would have been no issue formed by the pleadings, and a trial cannot be had without an issue.

*Thursday,
November 27.*

APPEAL from the *Franklin* Circuit Court.

DAVISON, J.—*Sarah Roberts*, on the 6th of *December*, 1854, filed a complaint in the Circuit Court of *Franklin* county, alleging that she is the widow of *John Roberts*, who died in *February*, 1852; that during her coverture with him, he was seized in fee of certain real estate situate in said county, (describing it); that since the death of *Roberts*, said real estate has been, by his executors, conveyed to *William M. McCarty*, the defendant, subject to the widow's dower; and that he, *McCarty*, now holds the next immediate estate of freehold therein. As such widow, the plaintiff claimed dower in the premises, &c. The defendant answered, 1. That the plaintiff never was the wife of *John Roberts*; 2. Nor was he ever seized of said real estate; 3. That *Roberts* made his will whereby he devised land to the plaintiff in lieu and bar of dower, which will was, on the 16th of *March*,

1852, duly proved and established in the Common Pleas of *Ripley* county, in this State, and though at that date the contents thereof were fully known to her, she did not, within one year thereafter, elect to have her dower; but on the contrary, elected to take under the will. To this paragraph there was no reply. The cause was submitted to the Court, who upon final hearing, rendered a decree in favor of the plaintiff, that she is entitled to dower, &c., and that the same be assigned, &c.

The answer, it is said, alleges affirmative matter in avoidance of the action, and there being no reply, the matter thus set up stands admitted. The code provides that every material allegation of the complaint not specifically controverted by the answer, and every material allegation of new matter in the answer, not controverted by the reply, shall, for the purposes of the action, be taken as true. 2 R. S. p. 44. Is there in the answer before us such material allegation? Under a provision in the *New York* code of procedure, similar to the one above quoted, it was held that the new matter constituting a defense under the code, means some fact which the plaintiff is not bound to prove in the first instance, to establish his cause of action, and which goes in avoidance or discharge of the cause of action alleged in the complaint. *Stoddard* v. *The Annual Conference*, &c., 12 Barb. 573. This seems to be a correct exposition of the statute. By an act in force when this will was admitted to probate, it was provided that a woman to whom lands have been devised by her late husband, in lieu of dower, shall make her election whether she will take the lands so devised, or whether she will be endowed, &c.; and shall be deemed to have elected to take the devise, unless within one year after such devise comes to her knowledge, she declares in writing under her hand, that she will take dower in his estate, and also causes such writing to be filed in the clerk's office of the court where probate of such will is required to be made, &c., R. S. 1843, ch. 28, ss. 101, 102. Under this enactment, the facts stated in the answer plainly constitute a bar to

the action. In no instance was the plaintiff bound to prove them—hence the answer must be deemed to contain material allegations of new matter; and, there being no reply, it follows that such new matter must, for the purposes of the action, be taken as true. It is insisted that the defendant, having made no effort, in the Court below, to have the new matter taken as confessed, cannot, at this stage of the proceedings, say that it is not controverted. There is no rule of practice in favor of that position. The failure to reply of itself was an admission of the facts alleged in the third paragraph of the answer, and further effort to have them confessed was, therefore, needless. These facts being thus admitted, and sufficient to bar the action, we are inclined to hold, that the case, as it appears in the record, does not sustain the finding of the Circuit Court. But suppose this conclusion incorrect; then there is another ground upon which the judgment must be held invalid. We have seen that the cause went to trial without any reply to a defense which set up new matter material to a proper decision of the case. There was, therefore, a trial without an issue, which has been repeatedly adjudged erroneous. 8 Blackf. 63.—2 Ind. R. 36.—5 id. 530.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. M. McCarty,* for the appellant.
*G. Holland,* for the appellee.