. (34 Misc. Rep. 591.)

### BONNET v. WANAMAKER.

(Supreme Court, Special Term, New York County.  April, 1901.)

FALSE IMPRISONMENT—COMPLAINT.

> Where a complaint for false imprisonment alleged that defendant, with intent to injure plaintiff, detained her and deprived her of her liberty for one hour, without reasonable cause, or any right or authority, so to do, and against the will of the plaintiff, it is not demurrable as not stating facts constituting a cause of action.

Action by Louise Bonnet against John Wanamaker.  Demurrer to complaint overruled with leave to answer.

Ovide Dupré, for plaintiff.

Job E. Hedges, for defendant.

GILDERSLEEVE, J.  The action is for false imprisonment.  The complaint alleges that "the defendant falsely, wrongfully, maliciously, and with intent to injure the plaintiff, by force and violence imprisoned the plaintiff, and then and there detained the plaintiff, and restrained and deprived the plaintiff of her liberty, for a long time, to wit, one hour, without reasonable cause, and without any right or authority so to do, and against the will of the plaintiff," etc.  Defendant demurs on the ground that it appears upon the face of the complaint that the complaint does not state facts sufficient to constitute a cause of action.  The rule is that, to sustain an action for false imprisonment, as distinguished from one for malicious prosecution, the complaint must show that the arrest was unlawful, and that an allegation that the arrest was procured maliciously, and without probable cause, is insufficient.  See Cunningham v. Light Co. (Sup.) 17 N. Y. Supp. 372.  The complaint in such an action is defective when it does not allege either that the imprisonment of the plaintiff was illegal or was procured without a warrant.  See Cousins v. Swords, 14 App. Div. 338, 43 N. Y. Supp. 907.  Does the complaint in the case at bar comply with the requirements of this rule?  It will be remembered that the doctrine is well settled that the pleading against a demurrer will be deemed to allege whatever may be implied from its statements by fair and reasonable intendment.  See Kain v. Larkin, 141 N. Y. 144, 36 N. E. 9.  The complaint in question alleges, as we have seen, that the arrest was made "without any right or authority so to do." It seems to me that, while it doubtless would have been better to state definitely that the imprisonment was illegal, or procured without a warrant, still the allegations of the complaint are not sufficiently defective to sustain the demurrer, as they may fairly and reasonably be deemed to state that the imprisonment was illegal.  The demurrer is overruled, with leave to answer on payment of costs.

. Demurrer overruled, with leave to answer on payment of costs.