(35 Misc. Rep. 318.)

BURKERT v. BENNETT et al.

(Supreme Court, Special Term, Kings County. June, 1901.)

1. PLEADING—ANSWER—NEW MATTER—DENIAL.
    Code Civ. Proc. § 500, declares an answer must contain—First, a denial of each material allegation of the complaint controverted by the defendant, or of any knowledge thereof sufficient to form a belief; or, second, a statement of any new matter constituting a defense. *Held*, that where in an answer the so-called defenses each commenced with the words, "and repeating the allegations and denials hereinbefore set forth," the defenses were demurrable.

2. SAME—MOTION TO STRIKE.
    The defect could not be taken advantage of by a motion to strike out for insufficiency.

3. SAME—REDUNDANCY.
    The words, "and repeating the allegations and denials hereinbefore set forth," will be stricken as irrelevant and redundant.

4. SAME—DENIAL—FORM.
    A denial that "the defendant denies any knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the complaint" is defective, as being in gross instead of to each allegation, and is not a denial that defendant has any knowledge or information.

5. SAME—PARTIAL AND COMPLETE DEFENSES.
    Code Civ. Proc. § 507, enacts that a defendant may set forth in his answer as many defenses as he has; and section 508 provides that a partial defense must be expressly stated to be such. *Held*, that a defense not pleaded as partial is to be taken as complete.

Action by Lena Burkert against Minnie A. Bennett and others. Motion to strike out parts of the answer. Motion denied.

E. G. Higginbotham, for the motion.
C. M. Stafford, opposed.

GAYNOR, J. It would be difficult to draw a more illiterate and unscientific answer; but the plaintiff has mistaken the remedy against most of it. The four so-called "defences" cannot be struck out for insufficiency. The remedy is demurrer. The introduction to each one, however, in these words, viz., "and repeating the allegations and denials hereinbefore set forth as completely as if herein fully set

forth," must be struck out as irrelevant and redundant. A "defence" must be complete in and of itself, and can consist only of "new matter" which constitutes a defence to the action, i. e., new matter which, taking the complaint to be true in all of its allegations, nevertheless defeats the action. "New matter" is matter outside of the issues raised or which could be raised by a denial. There can be no denial of the complaint or of any part of it in a "defence." A "denial" and a "defence" are distinct and separate parts of an answer. Code Civ. Proc. § 500; Railroad Co. v. Hinchcliffe, 34 Misc. Rep. 49, 68 N. Y. Supp. 556, and cases there cited; Durst v. Railroad Co., 33 Misc. Rep. 124, 67 N. Y. Supp. 297.

The first denial in this answer is that "the defendants denies any knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the complaint numbered first, second and third." Apart from the grammatical feature (which I suppose we must shut our eyes to), this is no denial. It is not a denial that "the defendants" have any knowledge or information, and it is besides in gross, instead of being of each allegation as required by the Code. It should be in so many words that the defendants deny that "they" have any knowledge or information of any of the allegations contained in the said paragraphs sufficient to form a belief thereof. Code Civ. Proc. § 500. But the plaintiff has no reason to complain of a so-called denial which is no denial.

The part of the motion that the defendant make the answer more definite and certain by stating whether each defence is a partial or complete defence is denied. If a defence be not pleaded as a "partial" defence it is taken to be pleaded as a complete defence. Code Civ. Proc. §§ 507, 508.

Let an order be entered in accordance with the foregoing, with $10 costs.