(37 Misc. Rep. 156.)

GALBRAITH v. DAILY et al.

(Supreme Court, Special Term, Kings County. February, 1902.)

1. PLEADING—ANSWER—DENIAL.
An allegation in an answer "that the said defendant, on information and belief, has no knowledge of the truth of the facts of the allegations contained in the first," etc., "allegations in said complaint, and therefore denies the same," is not a compliance with Code Civ. Proc. § 500, and is bad as a denial.

2. SAME—DEMURRER.
    Under Code Civ. Proc. § 494, no demurrer is allowed to a denial, however defective, but only to a defense or counterclaim.
3. SAME—FRIVOLOUS DENIAL.
    Where a denial raises no issue, it is frivolous, and judgment may be had on it on motion.

Action by Charles C. Galbraith against Cornelius Daily and others. Demurrer to answer overruled.

Philip B. Adams, for plaintiff.
John Gibney, for defendants.

GAYNOR, J. The complaint is to recover on a surety bond by the defendants for defendant Truesdell to the plaintiff's assignor for the amount received by the said Truesdell for goods alleged by the complaint to have been consigned to him and sold by him as agent of the plaintiff's assignor.

The answer is of a kind which all too frequently comes from some of our learned profession. It is as follows:

"First: The said defendant admits the third allegation in the said complaint.

"Second: The said defendant on information and belief has no knowledge of the truth of the facts of the allegations contained in the first, second, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth allegations in said complaint and therefore denies the same.

"Third: The said defendant further alleges upon information and belief that the said defendant, James H. Truesdell, has paid the said Armour & Co. in full for all the goods, wares and merchandise alleged to be sold to the defendant, James H. Truesdell, in said complaint, and is not indebted to the said Armour & Co. in any sum whatever."

Why an admission is ever formally pleaded is one of the curious things in our learned profession, for every allegation not formally denied stands as admitted.

The verbiage of the second subdivision is meant for a denial, but it is no denial. Why could not the pleader have said instead, in the form prescribed by the Code of Civil Procedure (section 500), that the defendant denies that he has any knowledge or information as to each or any of the allegations contained in the subdivisions of the complaint numbered (giving the numbers) sufficient to form a belief thereof?

The third subdivision is not pleaded in form as a defence, but seems to be meant as such. But it alleges no facts constituting a defence. How could it have entered the head of the learned pleader that the fact that the defendant Truesdell had paid for goods which had been sold to him was a defence to his failure to remit for goods which were not sold to him but only consigned to him to sell on commission? The phrase, "alleged to be sold to the defendant James H. Truesdell in said complaint" is not true. There is no such allegation in the complaint.

But the demurrer is not to this curious "defence" alone, but to the whole answer, and must for that reason fail, for no demurrer is allowed to a "denial" however defective, but only to a "defence" or a counterclaim, as is prescribed by section 494 of the Code of

Civil Procedure. This section illustrates the difference between a "denial" and a "defence" in the nomenclature of pleading. A "denial" is not a "defence"; they are separate pleas. Code Civ. Proc. § 500.

If a denial be no denial it raises no issue. It is frivolous, and judgment may be had on it on motion; and the same is the rule for defences, though they may be demurred to instead. Code Civ. Proc. § 537; Durst v. Railroad Co., 33 Misc. Rep. 124, 67 N. Y. Supp. 297; Burkert v. Bennett, 35 Misc. Rep. 318, 71 N. Y. Supp. 144.

The demurrer is overruled.