MacLEAN, J. The defendant having made a motion to dismiss the complaint herein at the close of the plaintiff's case on the ground that the facts stated did not constitute a cause of action, and the justice having decided the motion adversely to the defendant, it was stipulated that the opposing testimony given by the defendant should be considered as withdrawn, and that judgment might be rendered against the defendant, subject to a renewal of the motion to dismiss on the ground mentioned. "The facts stated" were the employment by the defendant to obtain a purchaser of his property at $35,-000; a statement by the defendant, when informed a purchaser had been found, that he would sell, would meet the plaintiff and purchaser at the place and hour appointed for the completion of the bargain, and that the plaintiff might consider the deal closed; the nonappearance of the defendant; and the production then and there, nevertheless, of his ready, able, and willing purchaser. It is the law that the seller is entitled to know who the proposed purchaser was, and with whom he was expected to enter into contract. Gerding v. Haskin, 141 N. Y. 514, 519, 36 N. E. 601. It was competent for him, however, to relinquish this right, as he did, when he waived the production, or, so to say, tendering, of the intending purchaser and the consequent information. Duclos v. Cunningham, 102 N. Y. 678, 6 N. E. 790.

Judgment affirmed, with costs. All concur.

---

(37 Misc. Rep. 158.)

ZILVER v. COOPER.

(Supreme Court, Special Term, Kings County. February, 1902.)

1. SLANDER—PLEADING—ANSWER.

Where plaintiff sues defendant for stating that plaintiff stole diamonds from a company in which defendant was a director, an answer not pleading the truth in justification, nor any facts to rebut malice, but merely alleging certain statements to defendant by employés of the company, and further alleging that defendant saw plaintiff's brother steal diamonds from the company, is bad on demurrer.

2. SAME—PRIVILEGE.

Where plaintiff alleges that defendant charged him with theft, a plea of privilege, to be relevant, must allege that defendant stated the charge of theft to the treasurer and other interested persons in the company of which defendant was a director and plaintiff an employé.

Action by Joseph Zilver against Herbert Cooper. Demurrer to defenses pleaded in the answer sustained.

Eugene G. Kremer, for plaintiff.
Theron Davis, for defendant.

GAYNOR, J. The action is for damages for alleged slander in that the defendant said to divers persons that the plaintiff stole diamonds from a company of which the defendant was a director.

The answer is of that unscientific and illiterate kind which has come to be altogether too common in our learned profession. It consists of three so-called defences. The first consists of a series of denials, the pleader evidently supposing that in the nomenclature

of pleading a "denial" is a "defence." Burkert v. Bennett, 35 Misc. Rep. 318, 71 N. Y. Supp. 144. Section 494 of the Code of Civil Procedure, which allows a demurrer to a defence, but not to a denial, illustrates the difference between a denial and a defence.

But we have to do here with the second and third defences. The second purports to be both a defence and a partial defence. It does not plead the truth, i. e., that the plaintiff did steal the diamonds, which would be a defence; nor any facts connected with the slander which would go to rebut malice and thereby prevent or mitigate smart money damage, which would be what is known as a partial defence, i. e., a defence in mitigation of damages only. On the contrary, it is quite a long rigmarole of other things meant to be more or less disparaging to the plaintiff, and alleged to have been told to the defendant by employees of the company; and finally comes the following: "and on one occasion this defendant saw the brother of this plaintiff, who was employed by the company, take at least three stones, that is uncut diamonds, from a box of uncut diamonds and place them in his pocket and leave the room; and at the time the said diamonds were taken the plaintiff was within three feet of his said brother and looking directly at the box of diamonds, and the said diamonds were never returned or accounted for." This is very far short of charging that the plaintiff stole the diamonds, or even that he saw his brother steal them, or even take them, if that would suffice. It is evidently no plea of the truth in justification; nor can it be a plea in mitigation, i. e., in disproof of malice, so as to mitigate or prevent smart money damage, for it is not pleaded that the defendant believed that the diamonds were stolen by the brother and that the plaintiff saw the theft and participated in it or was privy to it, and that the defendant therefore made the charge of larceny alleged in the complaint against the plaintiff in good faith.

The so-called third defence is meant as a plea of privilege, i. e., that the defendant without malice and believing them to be true stated the things, mentioned in the second defence as having been told to him by the said employees, to the treasurer of the company and another person financially interested in the company.

But no plea of privilege is needed in respect of these things. The action is not based on them at all, but on a distinct charge of theft. The plea to be relevant at all must be that the defendant stated the charge of theft to the treasurer and the other interested person.

The demurrer is sustained with costs.