### DUNLAP v. STEWART et al.

(Supreme Court, Special Term, Kings County. February, 1902.)

ANSWER—DENIALS—DEMURRER.

Code Civ. Proc. § 500, requires the answer of defendant to contain a denial of each allegation contradicted, or of any knowledge or information thereof sufficient to form a belief; and section 494 allows demurrers to defenses and counterclaims. An answer stated that defendant "denied any knowledge or information," and plaintiff demurred; the criticism being that defendant did not deny that "he had" any knowledge. *Held* that, if there was any defect as claimed, there was no denial, and hence no issue raised, in which case the demurrer was not provided for or necessary.

Action by Charles R. Dunlap against David J. Stewart and others. Demurrer to answer overruled.

Peter C. De Wolf, for plaintiff.

Rufus T. Griggs, for defendant.

GAYNOR, J. The plaintiff demurs as follows: "To each of the several defences contained in the amended answer and numbered 1, 2, 3 and 4 on the ground that the same are and each of them is insufficient in law on the face thereof," i. e., in the words of section 494 of the Code of Civil Procedure, which allows demurrers to counterclaims and defences.

But on reference to the answer the so-called "defences" which are demurred to are found not to be defences at all, but only denials. In the nomenclature of pleading a "denial" is not a "defence." Code Civ. Proc. § 500 et seq.; Burkert v. Bennett, 35 Misc. Rep. 318, 71 N. Y. Supp. 144.

Each of these denials is that "defendant denies any knowledge or information sufficient to form a belief," etc. The criticism is that the defendant does not thereby deny that "he has" any knowledge or information, etc. But if that be a defect then there is no denial and therefore no issue raised on the complaint. No demurrer is provided for or necessary for such a case as that.

The demurrer is overruled with costs.