(40 Misc. Rep. 551.)

## LEONOROVITZ v. OTT.

(Supreme Court, Special Term, Kings County.  May, 1903.)

1. VICIOUS DOG—ACTION FOR INJURIES.
    In an action against defendant for knowingly keeping a vicious dog, which bit plaintiff, it is not an affirmative defense to answer that plaintiff was a trespasser on defendant's premises when bitten.

2. PLEADING—ANSWER.
    Denials of allegations of a complaint cannot be made a part of a defense which can consist only of new matter.

Action by Ethel Leonorovitz against Mary Ott to recover for injuries received from a vicious dog kept by plaintiff.  Demurrer to answer sustained.

After what purport to be denials, comes the following, pleaded as a defense, in the answer:

"That at the time and place mentioned in the complaint the plaintiff was a trespasser, and unlawfully upon the premises of the defendant; and that whatever damages or injuries she sustained, if any, were the result of the wrongful, negligent, and unlawful act of plaintiff."

Isaac Sargent, for plaintiff.
Howard C. Conrady, for defendant.

GAYNOR, J.  The decision in Saleeby v. Central R., 40 Misc. Rep. 269, 81 N. Y. Supp. 903, is cited, in which it is said:

"I think the affirmative defenses are faultily pleaded, in that they fail to contain any sufficient denial of the allegations of the complaint, which, under such conditions, must, for the purposes of the demurrer, be taken as true."

This is so strange that I must regard it as in some way a mistake of the editor or printer.  Denials of allegations of the complaint cannot be a part of a defense.  If put there, they would be struck out on motion.  A defense can consist only of "new matter"—i. e., matter outside of any issue raised, or that may be raised by a denial, and which, taking all of the allegations of the complaint to be true, is nevertheless a defense to the action; such as payment, a general release, fraud, the truth of a libelous publication, etc.  Code Civ. Proc. § 500; Burkert v. Bennett, 35 Misc. Rep. 318, 71 N. Y. Supp. 144.  Its sufficiency has always to be tested on the assumption that all of the allegations of the complaint are true.  How odd, then, to suggest that a defense may be deemed bad on demurrer for having no denials in it.

That the plaintiff was a trespasser on the defendant's premises when bitten is no defense.  One who allows a biting dog to go at large, knowing it to be such, is liable if it bite a trespasser.  Loomis v. Terry, 17 Wend. 496, 31 Am. Dec. 306; Kelly v. Tilton, *42 N. Y. 263.  The remaining words of the so-called defense, viz., "and that whatever damages or injuries she sustained, if any, were the result of the wrongful, negligent, and unlawful act of the plaintiff," seem to refer to the plaintiff's trespass.  If not, they are mere hard

¶ 1. See Animals, vol. 2, Cent. Dig. § 226.

words, which amount to nothing in pleading, as much as some learned pleaders seem to love them.

The demurrer is sustained.