SCHULTZ v. GREENWOOD CEMETERY et al.

(Supreme Court, Special Term, Kings County. February, 1905.)

1. FALSE ARREST—GENERAL DENIAL—FACTS PROVABLE.
    In an action against a corporation and one of its employés for illegal arrest and false imprisonment, the alleged facts that plaintiff was arrested by the individual defendant while engaged in violation of law, and that the individual defendant made the arrest as a special police officer, and not as the agent of the corporate defendant, were provable under the general denial, and were not special defenses.

2. SAME—AMENDED ANSWER.
    Leave will not be given to serve an amended answer setting up as special defenses facts provable under the general denial already pleaded.

Action by Mary A. Schultz against the Greenwood Cemetery and another. On motion by defendant for leave to serve an amended answer. Motion denied.

James C. Cropsey, for plaintiff.
Carter, Ledyard & Milburn, for defendant cemetery.

GAYNOR, J. The complaint is for false imprisonment and malicious prosecution, in that the defendants arrested the plaintiff and had her detained without right or cause, and followed it up by a malicious prosecution before a magistrate, the charge being that she violated section 647 of the Penal Code by picking a number of roses from bushes in the cemetery of the corporate defendant.

It is alleged in the complaint that the individual defendant acted for the corporate defendant in all he did in the matter.

The corporate defendant answered by a clean-cut general denial, followed by a defence that it is a corporation without stock and not allowed to make a profit, and therefore not liable in damages for the act of its servants and agents.

The general denial, like the former plea of not guilty, is the scientific way of raising the whole issue on a complaint in an action like this. The proposed amended answer, however, supersedes the general denial and substitutes a most complex series of intermingled admissions and denials, and denials of everything not heretofore admitted, and denials of allegations in the complaint "to the effect that," and so on to the extent of four pages, from which it is impossible to find out what is denied without a laborious analysis. Such work should not be thrown on a trial judge. On the contrary, the pleadings should be framed to inform him at a glance what the issues are.

An answer does not need to contain admissions. It only needs to deny each allegation of the complaint which is controverted, as required by the Code (section 500), and everything else stands admitted. With an answer like that trial judges have no trouble, but with one like this proposed complex and involved amended answer they have much trouble to find out what issues it raises on the complaint, and to settle disputes between counsel on that head.

Under the general denial the defendant can prove any fact tending to show that the arrest was for the commission of the criminal offense that was charged, and that the subsequent prosecution was with probable cause, instead of being malicious. The affirmative of these issues is with the plaintiff.

Nevertheless the amended answer sets up what is called a "second defence," although there is no "first defence" pleaded (unless we are unscientific enough to call a denial a "defence" in pleading), which consists wholly of a recital of the evidence that the defendant may give under the general denial, namely, that the plaintiff was seen by the individual defendant to pick flowers from bushes in the cemetery, was thereupon arrested by him therefor, brought before the magistrate, and so on to the end of all that the defendants did; all to show probable cause.

This is no "defence" in pleading. A "defence" can consist only of "new matter," i. e., matter which cannot be proved under an issue raised by a denial. Matter embraced in the issue raised or which could be raised by a denial is not new matter. Flack v. O'Brien, 19 Misc. Rep. 399, 43 N. Y. Supp. 854; Von Hagen v. Waterbury Mfg. Co., 22 Misc. Rep. 580, 49 N. Y. Supp. 465; Laurie v. Duer, 30 Misc. Rep. 154, 61 N. Y. Supp. 930; Cruikshank v. Press Pub. Co., 32 Misc. Rep. 152, 65 N. Y. Supp. 678; Durst v. Brooklyn Heights R. Co., 33 Misc. Rep. 124, 67 N. Y. Supp. 297; Johnson v. Andrews, 34 Misc. Rep. 89, 68 N. Y. Supp. 764; Schmidt v. McCaffery, 34 Misc. Rep. 693, 70 N. Y. Supp. 1011; Sanford v. Rhoads, 39 Misc. Rep. 548, 80 N. Y. Supp. 404.

The burden of proof is on a defendant to make out a defence.

Here the law puts the burden of proof on the plaintiff to show an unlawful arrest without a warrant, and a prosecution thereunder maliciously and without probable cause. This defendant, however, seeks to have the burden of proof put on it, by turning into a defence matters in respect of which it has the negative instead of the affirmative.

A defence can only consist of matter which, conceding the complaint to be true in all of its allegations, nevertheless defeats the action, like a general release, payment, another action pending, that the contract sued upon is fraudulent, that the libel or slander sued for is true, and so on. If a pleaded defence does not bear this test it is not a defence.

The same matters are next pleaded as a partial defence, i. e., in mitigation or prevention of smart money damages. But as already seen, they are embraced in the general issue, i. e., the issue raised by the general denial, and are not to be pleaded as a defence at all. They can all be proved under the general issue, and nothing that can be so proved is "new matter", i. e., matter for a defence.

Lastly is pleaded a "fourth defence" that the individual defendant was a special police officer, and made the arrest as such, and not as the corporate defendant's agent. This is also within the general issue.

Such an unscientific answer should not get the approval of the court by being permitted to be served.

The motion is denied with $10 costs.