(116 App. Div. 855)

## FRANK v. MILLER et al.

(Supreme Court. Appellate Division, Second Department.  January 25, 1907.)

1. PLEADINGS—ANSWER—DEFENSES—SCOPE.

A defense cannot be of facts that may be proved under a general denial.  It can be only of new matter; i. e., of facts outside of the issues, that are or may be raised by the denial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 187.]

2. JUDGMENT—CONCLUSIVENESS—MATTERS THAT COULD NOT HAVE BEEN ADJUDICATED.

Where a landlord, in a proceeding for the removal of a tenant, alleged that the premises were let November 1, 1905, at a monthly rental, and that the tenant was in default for December rent, and the tenant pleaded a general denial, and as a "defense" that the landlord's predecessor had leased the premises to her on October 15, 1905, for on year, a determination in her favor was not an adjudication as to whether or not she had such a lease, since the allegations relating thereto were not a defense, and did not create an issue, but were a recital of irrelevant facts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1268.]

Appeal from Westchester County Court.

Proceeding by Mary Miller and another against Louisa Frank. From an order for plaintiffs, defendant appeals. Affirmed.

Appeal by the tenant from a final order by the Westchester county judge removing her from real estate in a summary proceeding brought by the landlord. A final order in her favor in a former summary proceeding brought by the landlord against her for non-payment of rent was pleaded as res adjudicata by the tenant, and the roll in that proceeding was received in evidence, and also the docket of the justice before whom it was tried.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, GAYNOR, and MILLER, JJ.

Edward W. Davidson, for appellants.
Samuel F. Swinburne, for respondent.

GAYNOR, J. The landlord had instituted a prior proceeding in December, 1905, against the tenant to remove her for the non-payment of the rent which came due the 1st day of that month. The petition alleged that the landlord let the premises to the tenant for one month on November 1st, 1905, for the rent of $16.50, and from month to month thereafter at $30 a month, and that the rent for December was unpaid. The tenant filed an answer which made a general denial to the petition, and then alleged as a "defense" that the landlord's predecessor in title had leased to her the premises on October 15th, 1905, for one year at $16.50 a month.

This allegation of a lease up to October 15th, 1906, was not a "defense" in the pleading meaning of that word, but only a useless recitation of facts intended to show, but which were incompetent to show, that she had not entered into a lease with the petitioner on November 1st, 1905, and was not in default thereunder for December's rent, which was the issue framed by the denial of the petition. The petition alleged that the petitioner had made a lease to the tenant and that the latter was in default for December's rent thereunder, and that was the issue. For the tenant to prove that the premises had been leased to her by the former owner was irrelevant to the issue; it would not be evidence that she had not subsequently entered into a new lease with the new owner, the petitioner. And if it were competent on that issue the case would not be changed. A defense cannot be of facts that may be proved under a denial; it can only be of new matter, i. e., facts outside of the issues that are or may be raised by a denial. Code Civ. Proc. § 500. A "defense" is not a negative; that is the quality and office of a "denial." A defense is affirmative, can only be affirmative, i. e., an allegation of facts which if the complaint be taken as true in all particulars nevertheless defeats the action. Schultz v. Greenwood Cemetery, 46 Misc. Rep. 299, 93 N. Y. Supp. 180, and cases there cited. This tenant may have had a lease with the former owner, but if she subsequently made a lease with the petitioner, the fact of the former lease could not defeat the said former proceeding; it was wholly irrelevant.

There was therefore no such issue as that the tenant had a lease up to October 15th, 1906, and hence that fact could not have been adjudicated in the first proceeding. It does not matter what the jury tried to couple with their verdict; they could give no verdict except on the

issue before them. They could not go further, as they tried to, and find that the tenant had a lease up to October 15th, 1906, from a former owner. The justice properly entered a simple verdict for the tenant. It follows that the adjudication in that proceeding was not res adjudicata of the issue in the present one, in that it adjudged that the tenant had a lease up to October 15th, 1906; the present proceeding having been begun January 2nd, 1906, for holding over after expiration of term, and being based on a notice served by the landlord on the tenant on December 1st that the term would end with that month. This is the only respect in which the said adjudication has been claimed before us to be res adjudicata, and we therefore do not examine it in any other.

The final order should be affirmed. All concur; HIRSCHBERG, P. J., and MILLER, J., in result.