### MAHER v. POTTER.

(Supreme Court, Special Term, Westchester County.  March, 1908.)

1. FALSE IMPRISONMENT—MAGISTRATES—LIABILITY.
    When a magistrate, having statutory criminal jurisdiction, assumes jurisdiction of one complained or informed against under a complaint or information not alleging a crime which he has jurisdiction to try or to investigate and hold thereon to the grand jury, and deprives such person of his liberty for purpose of trial, examination, or. otherwise, he becomes liable for false imprisonment.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 23, False Imprisonment, § 21.]

2. PLEADING—DEMURRER TO DEFENSE—INSUFFICIENCY OF COMPLAINT—EFFECT.
    That the complaint does not state a cause of action is a complete reply to a demurrer to a defense.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 540–548.]

3. FALSE IMPRISONMENT—ACTION FOR DAMAGES—PLEADING—DEFENSE.
    In an action against defendant magistrate for false imprisonment of one held under a complaint, allegations of the answer that defendant had jurisdiction of plaintiff and acted in good faith, without malice, and within his statutory authority, add nothing to the scope of proof defendant can offer under his general denial; plaintiff having the burden to disprove the facts so alleged.

Action by Edward A. Maher against Oswald W. Potter.  Demurrer to defense sustained, with leave to amend.

James L. Quackenbush, for plaintiff.
John D. O'Connor, for defendant.

MILLS, J.  This is an action of false imprisonment. . The amended answer consists of two parts; the first containing denials of various allegations of the complaint, and the second containing various allegations as a "second separate and distinct defense."  The plaintiff has demurred to such defense upon the ground "that the same is insufficient in law upon the face thereof," and the issues of law presented by the demurrer are now brought to hearing and trial.

It is well settled that when a magistrate, such as a justice of the peace, having criminal jurisdiction as provided by statute, upon a complaint or information not alleging facts sufficient to constitute a crime which he has jurisdiction to try or to investigate and hold thereon for the action of the grand jury, assumes jurisdiction of the person complained of or informed against, and proceeds on such complaint or information to deprive such person of his liberty for purpose of trial or examination, or otherwise, the magistrate acts entirely without legal authority or jurisdiction, and becomes liable to an action of false imprisonment on the part of the person so restrained.  McCarg v. Burr, 186 N. Y. 467, 79 N. E. 715;  McKelvey v. Marsh (2d Dept.) 63 App. Div. 396, 71 N. Y. Supp. 541;  Warner v. Perry, 14 Hun, 337;  People ex rel. Perkins v. Moss, 187 N. Y. 410, 418, 419, 424, 431, 80 N. E. 383, 11 L. R. A. (N. S.) 528.  In the case here at bar this court has already held that the complaint or information upon which defendant held and tried plaintiff did not allege facts sufficient

to constitute any crime of which defendant had jurisdiction, or, indeed, any crime at all. The reasons for such holding were set forth in the opinion written by me in November, 1907, in the certiorari proceeding entitled "People of the State of New York v. Oswald W. Potter, Justice of the Peace, Acting as City Judge.of Yonkers," 112 N. Y. Supp. 298, and those reasons need not here be repeated.

The allegations set forth in the alleged second defense in the amended answer herein constitute merely an assertion that defendant, as justice of the peace, acting as city judge of Yonkers, took jurisdiction of the plaintiff upon and under a certain complaint or information, copy of which is annexed to such amended answer as Exhibit A. Upon examination it appears that such complaint or information is identical with the one alleged in the complaint herein, and the one which this court passed upon in such proceeding and held insufficient. It is plain, therefore, that such alleged second defense does not set forth facts sufficient to constitute a defense, and the demurrer thereto for insufficiency must be sustained, unless, indeed, as claimed by defendant, the complaint itself is insufficient as not alleging facts adequate to constitute a cause of action; such being a competent and sufficient reply to such demurrer. Peerrot v. Mt. Morris Bank, 120 App. Div. 247, 104 N. Y. Supp. 1045. I do not think that this claim is well made. While the allegations of the complaint are perhaps unnecessarily voluminous, I think they contain every essential element to make out a cause of action for false imprisonment.

So far as the allegations of the second defense in the amended answer allege that the defendant had jurisdiction upon said complaint and acted in good faith, without malice, and within the authority conferred upon him by statute, those allegations add nothing to the scope or extent of the proof which defendant may introduce under his general denials contained in the preceding portion of such answer, and it has been supposed that this fact alone makes such allegations demurrable when pleaded as a separate defense. Frank v. Miller (2d Dept.) 116 App. Div. 855, at page 857, 102 N. Y. Supp. 277. But see Staten Island Midland R. R. Co. v. Hinchliffe, 170 N. Y. 473, at pages 481–482, 63 N. E. 545. In any event, the burden rests upon the plaintiff, and in his complaint is assumed by him, to establish the contrary of those propositions.

It is unnecessary to inquire whether or not any part of those allegations would be competent as a partial defense by way of mitigation of damages, because they are not so here pleaded.

The demurrer is therefore sustained, with the usual leave to the defendant to amend upon payment of costs.