(93 Misc. Rep. 332)

### STEELE v. RAUCHFUSS et al.

(Supreme Court, Special Term, New York County. January 27, 1916.)

1. FALSE IMPRISONMENT ☞7—ELEMENTS—LACK OF JURISDICTION.

Where the evidence presented before a magistrate was insufficient to make out a prima facie case of petit larceny, the magistrate had no jurisdiction, under Code Cr. Proc. §§ 149, 150, to issue a warrant for the arrest of the person charged, and such arrest gave the latter a cause of action for false imprisonment.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 5–61, 79; Dec. Dig. ☞7.]

2. PLEADING ☞214—DEMURRER—ADMISSIONS—CONCLUSIONS OF LAW.

The allegation of a complaint, in an action for false imprisonment, that the illegality complained of consisted of the imposition of imprisonment on a void warrant issued on insufficient evidence, was an allegation of fact, admitted by demurrer, and not a conclusion of law.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. ☞214.]

3. PLEADING ⬤⇒8—CONCLUSIONS—ILLEGALITY OF ARREST.
    In an action for false imprisonment, the plaintiff should allege facts from which it will appear that his arrest was illegal, and an averment merely that his arrest was illegal is an averment of a conclusion of law, and insufficient.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. ⬤⇒8.]

Action by John F. Steele against George Rauchfuss and another. On motion by plaintiff for judgment on the pleadings. Motion granted, with leave to the defendant to withdraw his demurrer and to answer.

Joseph E. Cavanaugh, of New York City, for the motion.
Theodore Hansen, of New York City, opposed.

GIEGERICH, J. A demurrer upon the ground of insufficiency has been interposed by the defendant Alfred Rauchfuss to the second cause of action set forth in the complaint, which sets up a cause of action for false imprisonment. The plaintiff has moved for judgment on the pleadings.

The complaint, among other things, alleges that the defendants made affidavits and gave testimony before a magistrate which resulted in the arrest and imprisonment of the plaintiff, but that the affidavits and testimony failed to prove the crime of petit larceny, which was the charge upon which the arrest was made, and were insufficient in law to sustain the charge of petit larceny, and that by reason thereof the warrant issued by the magistrate for the plaintiff's arrest was illegal and void, and that the magistrate had no jurisdiction to issue the same. From other portions of the complaint it can fairly be inferred that the only facts before the magistrate were those contained in the affidavits and testimony of the defendants.

[1] It seems to be recognized by both sides that, if the evidence before the magistrate was insufficient to make out a prima facie case against the plaintiff, then, the magistrate had no jurisdiction to issue the warrant (Code Cr. Proc. §§ 149 and 150; People ex rel. Perkins v. Moss, 187 N. Y. 410, 80 N. E. 383, 11 L. R. A. [N. S.] 528, 10 Ann. Cas. 309; Maher v. Potter, 112 N. Y. Supp. 102), and the arrest was unwarranted and the plaintiff has a cause of action.

[2] The question debated is whether the allegation that such facts were insufficient as an allegation of fact, and therefore admitted by the demurrer, or whether it is a conclusion of law. It must be conceded that the first impression is that such an allegation is a conclusion of law; but when the form of action is considered, and the proof that will be necessary upon the trial, and the true function of a complaint, and whether the situation would be materially bettered by an attempt to allege more ultimate facts, such as the particular defects in the proof which will be relied upon, it grows more and more apparent that the allegation in its present form ought to be accepted. The case most nearly in point that I have been able to find is Cousins v. Swords, 14 App. Div. 338, 43 N. Y. Supp. 907, in which, as here,

there was a demurrer to a complaint for false imprisonment. There the court said that a complaint for false imprisonment is defective unless it contains an allegation that the imprisonment of the plaintiff procured by the defendant was illegal, or was procured without a warrant, and that one of these things it is necessary to allege. Later on the court also stated that the plaintiff is bound to allege in his complaint the facts from which it will appear that his arrest was illegal, and then observed:

"In this case, not only does he not allege those facts, but he does not even aver as a proposition of law that his arrest was not perfectly legal."

Here the court apparently had in mind a distinction between a bald allegation that the arrest was illegal and an averment of facts showing the illegality. I am of the opinion, however, that under that test the complaint in this case sufficiently alleges such facts. The complaint states that the illegality complained of consisted in the imposition of the imprisonment on a void warrant issued on insufficient evidence. Upon the trial of this action all of the facts that were before the magistrate will have to be placed before the court, and no useful purpose would be served by requiring any more definite allegations of the particular defects in the evidence.

I reach this conclusion the more readily because it has been held in some cases of false imprisonment in this state that a very general allegation as to the unlawfulness of the arrest is sufficient. In Bonnet v. Wanamaker, 34 Misc. Rep. 591, 70 N. Y. Supp. 372, the allegation was that the defendant "without reasonable cause and without any right or authority so to do and against the will of the plaintiff" detained the plaintiff, and the court at Special Term held that this language might fairly and reasonably be deemed to state that the imprisonment was illegal and that an allegation that the imprisonment was illegal is sufficient. No attention appears to have been given in that case to the objection that the allegation of illegality is a conclusion of law. So, too, in Cunningham v. East River Electric Light Co., 17 N. Y. Supp. 372, the General Term of the late Superior Court of New York City stated that the material allegations in a complaint in an action for false imprisonment are that the defendant had plaintiff imprisoned and that the process was unlawful; that is, without authority of law. In Ackroyd v. Ackroyd, 3 Daly, 38, the complaint alleged that the defendant with "malicious intent to injure the plaintiff, and without any reasonable or probable cause therefor, and without any right or authority so to do," unlawfully seized and arrested the plaintiff. The court in the course of its opinion said:

"The material averment in this complaint is that the defendant 'unlawfully seized and arrested the plaintiff.'"

In some of the cases above cited it may be that the court did not mean to say that an allegation that the imprisonment was unlawful was sufficiently made by the mere use of that word, but only meant to point out that such unlawfulness must be alleged in suitable terms, though some of the cases distinctly hold that the use of the word unlawful, without more, is sufficient. . The difficulty surrounding this

particular point of pleading is indicated by the diversity of decisions and the conflict of views. In 8 Enc. of Pleading & Practice, 846, it is said:

"In some jurisdictions it is held that the imprisonment complained of need not be alleged to have been unlawful or without competent authority and that the allegation of imprisonment, coupled with an averment of damages, constitutes a cause of action for false imprisonment. On the other hand, it is held by other decisions that the failure to allege that the imprisonment was unlawful is a fatal defect."

[3] I am of the opinion, however, that the true weight of authority in this state and the better rule of pleading are set forth in the statement above quoted from Cousins v. Swords, 14 App. Div. 340, 43 N. Y. Supp. 907, from which it appears that the plaintiff in such a case should allege the facts from which it will appear that his arrest was illegal, and that an averment merely that his arrest was illegal is an averment of law and insufficient. Such, too, is the form of pleading recommended in Abbott's Forms of Pleading (volume 2, p. 928), where the following is found:

"That the said order of arrest was illegal in that the said court had no jurisdiction to grant the same (or otherwise set forth facts showing the invalidity of the order)."

Proceeding on the theory, therefore, that the complaint does adequately aver that the evidence before the magistrate upon which the warrant was issued was insufficient to support a charge of petit larceny, there can be no doubt that the magistrate was without jurisdiction to issue the warrant and that the imprisonment was illegal. People ex rel. Perkins v. Moss, 187 N. Y. 410, 80 N. E. 383, 11 L. R. A. (N. S.) 528, 10 Ann. Cas. 309; Maher v. Potter, 112 N. Y. Supp. 102.

The plaintiff's motion for judgment on the pleadings is therefore granted, with $10 costs, but with leave to the demurring defendant to withdraw his demurrer and to answer within 20 days upon payment of such costs. Settle order on notice.