## Oak Lane Country Day School v. Virginia Fire and Marine Insurance Company, Richmond, Virginia.

*Practice, C. P.—Pleadings—New matter—Affidavit of defence—Plaintiff's reply—Acts of May 14, 1915, P. L. 483, and March 30, 1925, P. L. 84—Insurance.*

1. "New matter" is matter for the defence not provable under denial, that is, facts outside of an issue raised by denial, and, hence, any matter embraced in an issue raised, or in any issue which the defendant might have raised, is not new matter.

2. A material allegation of new matter in an affidavit of defence means some fact which the plaintiff, in the first instance, does not have to prove in order to establish his cause of action, and which goes in avoidance or discharge of the cause of action alleged in the statement of claim.

3. New matter may cover such subjects as payment, general release, fraud, infancy, coverture, duress, mistake, usury, illegality, failure or want of consideration, discharge in bankruptcy and many others, including matters that could be set up under pleas in confession and avoidance, and so-called equitable defences.

4. In an action on a policy of fire insurance, where all the facts set forth in the affidavit of defence tend directly to disprove the allegations of the statement of claim, all are provable under a specific denial of such allegations, and all are equivalent to such specific denial, a reply on the part of the plaintiff is not necessary, and, if it is filed, will be stricken off.

*Assumpsit.* Rule to strike from record reply of plaintiff. C. P. Montgomery Co., Feb. T., 1925, No. 28.

*Frank X. Renninger,* for plaintiff.

*Larzelere, Wright & Larzelere,* for defendant.

WILLIAMS, J., Feb. 1, 1926.—The pleadings in this case differ from those filed in the action of the Oak Lane Country Day School, the plaintiff, against the Fidelity-Phenix Fire Insurance Company, of New York, brought to No. 26, February Term, 1925, only in the unimportant particulars that, in the present case, it is set forth in the statement of claim that the action has been brought

to recover from the Virginia Fire and Marine Insurance Company, Richmond, Virginia, the defendant, the sum of $1673.16; that the affidavit of defence admits that, on Oct. 4, 1923, the defendant made and delivered to the plaintiff a policy of insurance wherein the defendant insured the plaintiff against direct loss or damage by fire to an amount not exceeding the sum of $2000; and that, on the other hand, the defendant, in the affidavit, denies, as claimed by the plaintiff, that the amount of loss suffered by the plaintiff on account of damage to the contents of the gymnasium was $1673.16; that, in consequence of the premises, the defendant has become obligated to pay the plaintiff the said sum of $1673.16; and that the plaintiff has any claim to recover from the defendant in said sum of $1673.16, or in any other amount whatsoever. The single question presented for decision in the case at bar, therefore, is so similar to the sole inquiry discussed in the opinion this day filed in the said suit brought by the plaintiff against the Fidelity-Phenix Fire Insurance Company of New York, that, by reference, the statement of reasons given for making the order therein entered is herein incorporated and hereof made a part.

To what was there said can be added that, even if we are wrong in holding that "the new matter" introduced into the Practice Act, 1915 (Act of May 14), P. L. 483-7, The Pleadings Generally, sections 2, P. L. 483, and 6, P. L. 484, by the 1st and 2nd sections of the Act of March 30, 1925, P. L. 84-5, means no more than new matter in the nature of a counter-claim—that the defendant, having made full response to the facts set forth in the statement of claim, may, in addition, proceed in the affidavit of defence only to aver facts which will entitle him to affirmative relief against the plaintiff—even if to "new matter," as used in the amending act, is to be attributed a wider significance. than we have given the words, still, the above rule must be made absolute.

"New matter" is matter for the defence not provable under denial, that is, facts outside of an issue raised by denial, and, hence, any matter embraced in an issue raised, or in any issue which the defendant might have raised, is not new matter: Flack v. O'Brien, 43 N. Y. Supp. 854 (1897), Gaynor, J.; McManus v. Western Assur. Co., 48 N. Y. Supp. 820 (1898), Gaynor, J.; Green v. Brown, 49 N. Y. Supp. 163 (1898), Gaynor, J.; Von Hagen v. Waterbury Manuf. Co., 49 N. Y. Supp. 465 (1898), Gaynor, J.; Laurie v. Duer et al., 61 N. Y. Supp. 930 (1899), Gaynor, J.; Cruikshank v. Press Pub. Co., 65 N. Y. Supp. 297 (1900), Gaynor, J.; Durst v. Brooklyn Heights R. Co., 67 N. Y. Supp. 297 (1900), Gaynor, J.; Johnson v. Andrews, 68 N. Y. Supp. 764 (1901), Gaynor, J.; Schmidt v. McCaffrey, 70 N. Y. Supp. 1011 (1901), Gaynor, J.; Sanford v. Rhoads et al., 80 N. Y. Supp. 404 (1903), Gaynor, J.; and Schultz v. Greenwood Cemetery, 93 N. Y. Supp. 180 (1905), Gaynor, J.

A material allegation of new matter in an affidavit of defence means some fact which the plaintiff in the first instance does not have to prove in order to establish his cause of action and which goes in avoidance or discharge of the cause of action alleged in the statement of claim: McCarty v. Roberts, 8 Ind. 150, 151 (1856), Davison, J.

"New matter" means matter extrinsic to the matter set up in the statement of claim as the basis of the cause of action: Encyclopædia of Pleading and Practice, Answers in Code Pleading, 777-862, XIII, New Matter, 830-51, I, General Nature, 830, Definition; Berreski v. Philadelphia Electric Co. 67 Pa. Superior Ct. 215, 222 (1917), Porter, J. For instance, new matter is where the contract is admitted and the matter set up avoids the contract—not where the matter alleged denies the contract: Brazill v. Isham, 12 N. Y. 9 (1854), Gardiner, C. J.

"New matter" is the averment of facts different from those alleged in the statement of claim and not embraced within the judicial inquiry into their truth: Northrup et al. v. The Mississippi Valley Ins. Co., 47 Mo. 435, 448-4 (1871), Wagner, J. Anything which shows that the plaintiff has not the right of of recovery at all, or to the extent he claims, on the case as he makes it, may be given in evidence upon an issue joined by an allegation in the statement of claim and a corresponding denial in the affidavit of defence. Where, however, the defendant relies upon something not put in issue by the plaintiff, the former. must set up that upon which he relies. This is new matter—that is, the defendant seeks to bring into the case a defence hitherto not disclosed by the pleadings: Bridges v. Paige, 13 Cal. 640, 642 (1859), Baldwin, J.

"New matter" is matter which, taking all of the allegations in the statement of claim to be true, is, nevertheless, a defence to the action, such as payment, a general release, fraud, the truth of a libelous publication, etc., including, perhaps, anything that, at common law, could have been set up under pleas in confession and avoidance and other special pleas and including, it may be, likewise, so-called equitable defences. Pertinent illustrations in addition to the four already mentioned may be found amidst the defences of infancy, coverture, duress, accident, mistake, contemporaneous parol agreement inducing execution of written instrument, bona fide purchaser, release of guarantors, endorsers and sureties, usury, champerty, illegality, false representations, want and failure of consideration, immaturity of indebtedness, award, accord and satisfaction, ratification, subrogation and rescission, contract not properly performed, performance, discharge in bankruptcy, title in action of trespass, contributory negligence, justification, objection to statute or ordinance, lien, leave and license, mining rules and customs, estoppel, res adjudicata, statute of frauds, statute of limitations and other special statutes. It is readily observed, generally speaking, these defences do not call, necessarily, for a denial of facts properly pleaded by the plaintiff. Hence, whether facts pleaded by the defendant constitute new matter depends entirely upon whether the defendant admits the truth of the allegations in the statement of claim. Matter in mere denial of old facts set forth in the statement is not new matter: Carter v. Eighth Ward Bank, 67 N. Y. Supp. 300 (1900), Gaynor, J.; Staten Island Midland R. Co. v. Hinchcliffe, 68 N. Y. Supp. 556 (1901), Gaynor, J.; Burkert v. Bennett et al., 71 N. Y. Supp. 144 (1901), Gaynor, J.; and Leonorovitz v. Ott, 82 N. Y. Supp. 880 (1903), Gaynor, J.

"New matter" is that which, under the rules of evidence, the defendant must affirmatively establish. If the burden of proof be thrown upon the defendant, the matter to be proven by him is new matter. A defence conceding that the plaintiff once had a good cause of action, but insisting that such cause of action no longer exists, involves new matter: 1 Chitty's Pleadings, Chapter VII, Of Pleas in Bar, 469-576, General Observations, The Former Indiscriminate Use of a General Plea in Non Assumpsit, 472; Piercy v. Sabin, 10 Cal. 22 (1858), Burnett, J.; Glazer v. Clift, 10 Cal. 303, 304 (1858), Field, J.; Greenway v. James, 34 Mo. 326 (1864), Dryden, J.; and Churchill v. Baumann, 30 Pac. Repr. 770 (1892), S. C. of Cal.

The distinction between defences admissible under a denial and those which are new matter primarily depends upon the structure of the statement of claim and the material averments of fact set forth in the statement. All facts which directly tend to disprove any one or more of the averments contained in the statement may be offered under the general denial. All facts which do not thus directly tend to disprove some one or more of these averments,

Oak Lane Country Day School *v.* Virginia Fire and Marine Ins. Co.

but, on the contrary, tend to establish a defence independent of them, cannot be offered under the denial. They are, therefore, new matter: Hogen *v.* Klabo, 100 N. W. Repr. 847, 849 (1904), Cochrane, J. (S. C. of N. D.).

Whatever averments of the affidavit of defence amount to an admission of the allegations of the statement of claim and tend to establish some circumstance, or fact, consistent with all such allegations, but independently constituting a defence, or counter-claim, and not provable under a specific denial, are new matter and require a reply, but facts alleged in the affidavit of defence which are provable under a specific denial of the allegations of the statement of claim are equivalent to a specific denial of such allegations and require no reply, for such an affidavit of defence, of itself, forms an issue: Mauldin *v.* Ball, 1 Pac. Repr. 409, 412 (1883), Wade, C. J. (S. C. of Mont.).

Tested by the above rules, in the instant case, new matter has not been pleaded by the defendant, which denies, flat-footedly, that it ever insured the personal property of the plaintiff damaged or destroyed by fire. The fact alleged by the defendant that the policy of fire insurance issued by it to the plaintiff did not cover the loss subsequently sustained by the plaintiff is provable by the defendant under its denial of the allegation of the plaintiff that the defendant insured the plaintiff against damage to the furniture and fixtures burned. The fact that the defendant insured the plaintiff against loss from the particular damage suffered is a fact which the plaintiff must prove if it is to establish a cause of action. The fact that the defendant did not so insure the plaintiff is not a fact extrinsic to the matter set up in the statement of claim. The defendant does not admit the insurance agreement and then seek to avoid it, but, as to the contents of the gymnasium, denies the very existence of the contract itself. The defendant does not admit the truth of the allegations contained in the statement of claim and avers facts different from those alleged in the statement of claim. On the contrary, the defendant claims that the plaintiff, as it makes the case, is not entitled to recover at all. According to the rules of evidence, the burden is upon the plaintiff to show that it was insured by the defendant against direct loss by fire to the furniture and fixtures damaged. The burden is not upon the defendant to establish that the policy issued did not cover the articles affected. The facts set forth in the affidavit of defence all tend directly to disprove the allegations of the statement of claim; all are provable under a specific denial of such allegations; all are equivalent to such a specific denial and, therefore, require no reply on the part of the plaintiff.

And now, Feb. 1, 1926, upon due and full consideration of the petition of the Virginia Fire and Marine Insurance Company, Richmond, Virginia, the defendant, to strike from the record the reply of the Oak Lane Country Day School, a corporation, the plaintiff, after listening to the oral arguments made and presented by counsel on behalf of the petitioning defendant and on the part of the non-responding plaintiff and reading the briefs submitted by counsel for the petitioner and the non-respondent and following long reflection and mature deliberation, the rule on Sept. 8, 1925, granted upon the plaintiff to show cause, if any it had, why its reply should not be stricken from the record be and is hereby and herein made absolute and the plaintiff's reply filed on Aug. 22, 1925, not conforming to the provisions of the Practice Act, 1915 (Act of May 14), P. L. 483-7, be and is hereby and herein stricken from the record.

Aaron S. Swartz, Jr., Norristown, Pa.,