(120 App. Div. 247)

### PEERROT v. MT. MORRIS BANK.

(Supreme Court, Appellate Division, First Department. June 14, 1907.)

1. PLEADING—DEMURRER—EFFECT AS OPENING RECORD.

Though an alleged defense is insufficient, a demurrer thereto will not lie unless the complaint states a cause of action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 542.]

2. SAME—FORM OF ALLEGATION—CONCLUSION OF LAW.

An allegation that payment of checks was wrongfully and negligently made by a bank states a conclusion of law.

3. BANKS AND BANKING—ACTION AGAINST—COMPLAINT—CONSTRUCTION.

Upon the mere allegation that one who was the owner of checks indorsed the same for the purpose of depositing them to the credit of his account, the presumption is that he simply wrote his name across the back, making the same payable to bearer.

4. SAME—PAYMENT OF CHECKS—LIABILITY OF BANK.

Where the owner of a check indorses the same so that it is payable to bearer and delivers it to another, the bank, in the absence of notice of any limitation upon the authority of the holder, is justified in paying the same, though only delivered for the purpose of being placed to the credit of the owner's account.

Appeal from Special Term, New York County.

Action by Eugene Peerrot against the Mt. Morris Bank. From an interlocutory judgment overruling his demurrer to the separate defenses to the two causes of action set forth in the complaint, plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and HOUGHTON, JJ.

Charles Haldane, for appellant.
Daniel Whitford, for respondent.

LAUGHLIN, J. The plaintiff had an account with the defendant. The complaint contains two counts. The first is to recover the sum of $843.09, paid by the defendant to an employé of the plaintiff on a check drawn by one Rudolph Oelsner, upon the National Shoe & Leather Bank, which plaintiff alleges was indorsed by him "for the purpose of depositing said check to the credit of" his account, but which the defendant wrongfully and negligently paid in cash to one Murmann, his messenger. And the second is to recover the sum of $2,174.25, the amount of a check drawn by the same party upon the same bank, and alleged to have been indorsed by plaintiff for the purpose of depositing said check to the credit of his account, but which the defendant likewise wrongfully and negligently paid to his said messenger. The defendant, in its answer, admits the status of the parties, and that it did not deposit the proceeds of the check to the credit of plaintiff's account; but it denies the other material allega-

tions of the complaint. For a separate defense to each of the causes of action, the defendant separately further alleges that the messenger who presented the checks to it was plaintiff's cashier; that the checks were payable to the order of plaintiff and indorsed by him and by his cashier, who requested the defendant to pay the checks in cash; and that it complied with such request. The demurrer to each separate defense is upon the ground that it is insufficient in law upon the face thereof.

It is to be inferred from the points for the appellant that the theory of the demurrer was that the defendant had, by the denials contained in its answer, put in issue the charge that the moneys were negligently paid to plaintiff's messenger; and that no new issue was presented by the alleged separate defenses, and therefore the facts interposed as separate defenses are not new matter constituting a defense or counterclaim. Code Civ. Proc. § 500. The learned counsel for the appellant argues that, for the purpose of determining the sufficiency of the separate defenses, the allegations of the complaint, to the effect that the moneys were wrongfully and negligently paid, are to be deemed admitted, since neither separate defense repeats the denials. Assuming, without deciding, that the rule on that subject invoked by the plaintiff is applicable to this case, it does not follow that the demurrer was improperly overruled, for, even though the alleged defense be insufficient, a demurrer thereto will not lie unless the complaint sets forth a good cause of action.

The plaintiff, as has been seen, in each cause of action merely alleges that he indorsed the check "for the purpose of depositing" it to the credit of his account, and he makes the bald charge that the defendant "wrongfully and negligently" paid the amount thereof to his messenger, without setting forth any fact tending to show that the payment was wrongfully or negligently made. It is quite clear that the allegation that the payment was wrongfully and negligently made is a conclusion of law. It is not alleged that the checks were indorsed in form for deposit, or that plaintiff, through his messenger or otherwise, informed the defendant that he indorsed the checks with a view to having the proceeds thereof deposited to the credit of his account. Upon the mere allegation that plaintiff indorsed the checks, the presumption would be that he wrote his name across the back thereof, which would constitute an indorsement in blank. Daniel on Negotiable Instruments, vol. 1, p. 628; Parsons on Bills & Notes, vol. 2, p. 18. Such indorsement made the checks payable to bearer, and the defendant, in the absence of notice of a limitation upon the authority of the holder, was justified in paying the amount of the checks to the plaintiff's messenger.

It follows, therefore, that the interlocutory judgment should be affirmed, with costs. All concur.