H. Blair Finley, Respondent, *v.* Atlantic Transport Company, Limited, Appellant.

Carriers — duty as to body of passenger who dies in transit — right of son to possession of body of father for burial — action against steamship company, on which passenger died, for casting his body into the sea within twenty hours of arrival of steamship at its destination — when son of deceased passenger may maintain action against steamship company for such act, without joining other next of kin.

1. The complaint alleges that the defendant is engaged in the operation of a steamship line and employed in the transportation of passengers between England and the United States. The father of plaintiff took passage on one of defendant's steamers and died on the voyage. The body was embalmed and kept in a perfect state of preservation four and a half days and could have been carried into port without injurious effect, but when within twenty hours of the port of destination the body was cast into the sea. Ample means to defray the expense of delivering the body at the port of New York were in possession of defendant, and plaintiff was at all times ready and willing to defray any expense incident to the delivery of the body to him for burial. Plaintiff demands damages for mental distress, anguish, suffering, expense, etc. *Held*, In view of the situation created by defendant in the embalming of the body and the facts alleged in the complaint a reasonable discharge of the common-law duty required defendant to transport the body to the destination of the steamer and deliver it to the parties entitled to the possession of the same.

2. As the son of the deceased, plaintiff had a right to receive the body for burial; any unlawful interference therewith gave him a right of action, and no reason exists why the son should be obliged to join other next of kin in an action wherein he seeks compensation personal to himself.

*Finley* v. *Atlantic Transport Co.*, 172 App. Div. 907, affirmed.

(Argued January 9, 1917; decided March 6, 1917.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 28, 1916, which affirmed

an order of Special Term overruling a demurrer to the complaint and granting a motion by plaintiff for judgment in his favor upon the pleadings.

The nature of the action, the facts, so far as material, and the questions certified are stated in the opinion.

*Ray Rood Allen* and *Norman B. Beecher* for appellant. The burial of the plaintiff's father at sea was not a breach of any duty owed by the defendant to the plaintiff. (*Kanavan's Case*, 1 Maine, 226; *Gilbert* v. *Buzzard*, 2 Hagg. C. R. 332; *Regina* v. *Stewart*, 12 A. & E. 773; 4 P. & D. 349; *De Festetics* v. *De Festetics*, 79 N. J. Eq. 488; 81 Atl. Rep. 741; *Snyder* v. *Snyder*, 60 How. Pr. 368; *Matter of Donn*, 14 N.Y. Supp. 189; *Cohen* v. *Congregation*, 85 App. Div. 65; *Litteral* v. *Litteral*, 131 Mo. App. 306; *Darcy* v. *Presby. Hospital*, 202 N.Y. 259.) The plaintiff is not entitled to recover damages for injury to his feelings. (*Mitchell* v. *Rochester Ry. Co.*, 151 N. Y. 107; *Buchanan* v. *Stout*, 123 App. Div. 648; *Hutchinson* v. *Stern*, 115 App. Div. 791; 189 N. Y. 577; *Curtin* v. *Western Union Tel. Co.*, 13 App. Div. 253; *Anderson* v. *Acheson*, 132 Iowa, 744; *Hale* v. *Bonner*, 82 Tex. 33; *Long* v. *C., R. I. & P. Ry. Co.*, 15 Okla. 512; *Southern Express Co.* v. *Byers*, 240 U. S. 612; *Reese* v. *W. U. Tel. Co.*, 123 Ind. 294; *Renihan* v. *Wright*, 125 Ind. 536.) There is a defect of parties plaintiff. (*Floyd* v. *A. C. L. Ry. Co.*, 167 N. C. 55; *Thompson* v. *Pierce*, 95 Neb. 692; *People* v. *St. Patrick's Cathedral*, 58 How. Pr. 55; *Wright* v. *H. C. Corp.*, 112 Ga. 884; *Koerber* v. *Patek*, 123 Wis. 453.)

*Gilbert H. Montague* and *Walter D. Wile* for respondent. The complaint states a cause of action. (*Aldworth* v. *Stewart*, 14 L. T. [N. S.] 862; *Bennett* v. *A. A. S. S. Co.*, 161 App. Div. 753; *Buchanan* v. *Buchanan*, 28 Misc. Rep. 261.) The right of relatives in general to the solace and comfort of burying the remains of the

deceased, and their right singly or collectively to sue to prevent interference with the body or the burial rites of the deceased or to recover damages for mental anguish or expense resulting from such interference has been repeatedly recognized. (*Darcy* v. *Presbyterian Hospital*, 202 N. Y. 259; *Foley* v. *Phelps*, 1 App. Div. 551; *Cohen* v. *Congregation*, 85 App. Div. 65; *Jackson* v. *Savage*, 109 App. Div. 556; *Hassard* v. *Lehane*, 143 App. Div. 424; *Hasselbach* v. *Mt. Sinai Hospital*, 173 App. Div. 89; *Snyder* v. *Snyder*, 60 How. Pr. 368; *Danahy* v. *Kellogg*, 70 Misc. Rep. 25; *Matter of Donn*, 14 N. Y. Supp. 189; *Matter of Widening Beekman Street*, 4 Bradf. 503; *Louisville & Nashville Railroad Co.* v. *Wilson*, 123 Ga. 62; *Wright* v. *Hollywood Cemetery Corporation*, 112 Ga. 884; *Beam* v. *Cleveland, C., C. & St. L. Railroad Co.*, 97 Ill. App. 24; *Palentzke* v. *Bruning*, 98 Ill. App. 644; *Renihan* v. *Wright*, 125 Ind. 536; *Anderson* v. *Acheson*, 132 Iowa, 744; *Seaton* v. *Commonwealth*, 149 Ky. 498; *Kanavan's Case*, 1 Maine, 226; *Larson* v. *Chase*, 47 Minn. 307.) The right of the surviving relatives to the solace and comfort in burying the remains of the deceased and the right of surviving relatives to protection against lacerated feelings has been emphatically recognized in cases of mutilation of the remains of the deceased, either negligently or by unauthorized dissection in the interest of science. In such cases both the injury and the measure of damages is reckoned in the wounded feelings and mental distress resulting therefrom. (*Darcy* v. *Presbyterian Hospital*, 202 N. Y. 259; *Foley* v. *Phelps*, 1 App. Div. 551; *Jackson* v. *Savage*, 109 App. Div. 556; *Hassard* v. *Lehane*, 143 App. Div. 424; *Hasselbach* v. *Mt. Sinai Hospital*, 173 App. Div. 89; *Medical College of Georgia* v. *Rushing*, 1 Ga. App. 468; *Palentzke* v. *Bruning*, 98 Ill. App. 644; *Meyers* v. *Clarke*, 122 Ky. 866; *Burney* v. *Children's Hospital*, 169 Mass. 57; *Doxtator* v. *C. & W. M. R. R. Co.*, 120 Mich. 596; *Larson* v. *Chase*, 47 Minn. 307;

*Kyles* v. *Southern Railway Co.*, 147 N. C. 394, 397; *Farley* v. *Carson*, 8 Ohio Dec. 119, 120; *Butterworth* v. *Teale*, 102 Pac. Rep. 768, 769; *Phillips* v. *Montreal General Hospital*, 33 Quebec L. R. 483.) Substantial damages may be recovered for deprivation of the solace and comfort of burying the 'remains of a deceased relative and for any interference by third parties with the remains which may lacerate the plaintiff's feelings and deprive the plaintiff of this solace and comfort. (*Foley* v. *Phelps*, 1 App. Div. 551; *Jackson* v. *Savage*, 109 App. Div. 556; *Joy* v. *Reid*, 65 So. Rep. 855; *Union Cemetery Co.* v. *Alexander*, 69 So. Rep. 251; *Wright* v. *Hollywood Cemetery*, 112 Ga. 884; *L. & N. R. R. Co.* v. *Wilson*, 123 Ga. 62; *O'Neal* v. *Veazey*, 84 S. E. Rep. 962; *Medical College of Georgia* v. *Rushing*, 1 Ga. App. 468; *Beam* v. *C., C., C. & St. L. Ry. Co.*, 97 Ill. App. 24; *Renihan* v. *Wright*, 125 Ind. 536; *Anderson* v. *Acheson*, 132 Iowa, 744; *Louisville, etc., Ry. Co.* v. *Hull*, 68 S. W. Rep. 433; *Meyers* v. *Clarke*, 122 Ky. 866; *Burney* v. *Children's Hospital*, 169 Mass. 57; *Larson* v. *Chase*, 47 Minn. 308; *Lindh* v. *Great Northern Railway Co.*, 99 Minn. 408.) There is no defect of parties plaintiff. (*Wright* v. *H. C. Corp.*, 112 Ga. 884; *People* v. *Trustees, etc.*, 58 How. Pr. 55; *Pettigrew* v. *Pettigrew*, 207 Penn. St. 313; *De Festetics* v. *De Festetics*, 81 Atl. Rep. 741; *Floyd* v. *A. C. Ry. Co.*, 167 N. C. 55; *Thompson* v. *Pierce*, 95 Neb. 652; *Coleman* v. *St. M. P. E. Church*, 170 App. Div. 658.)

HOGAN, J. The Appellate Division of the first department has certified in this case that in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals, as follows:

1. Does the complaint state facts sufficient to constitute a cause of action?

2. Is there a defect of parties in that the other next of kin of Clement B. Finley are not joined as parties plaintiff in this action?

Briefly summarized, the complaint alleges that the defendant is engaged in the operation of a steamship line and employed in the transportation of passengers between England and the United States.

June 28th, 1913, one Clement B. Finley purchased from defendant a ticket entitling him to first-class passage from London to New York on the steamship *Minneapolis*, operated by defendant, and boarded the steamship, upon which there were none but first-class passengers and the crew. The steamship proceeded to the city of New York and docked at that port about six o'clock in the evening of July 7th, 1913.

The plaintiff is a son of Clement B. Finley, deceased, The latter at the time of his death had no wife living, but left the plaintiff and other sons and daughters. The plaintiff and Clement B. Finley, during his lifetime, resided at Chattanooga, Tennessee.

During the course of the voyage and about 7 o'clock in the morning of July 2d, 1913, Clement B. Finley died. Immediately upon his death defendant took possesion of his property and effects of the value of seven hundred fifty dollars, amongst which property and effects were letters indicating that plaintiff was a son of Clement B. Finley, and the address of the plaintiff; that the amount of the personal effects of the deceased greatly exceeded the sum necessary to defray the expenses of notice to plaintiff of such death, which might have been communicated to him at his address, together with the expense of embalming the body, transportation of the same to New York and giving it a decent burial.

Shortly after the death of Mr. Finley the defendant caused his body to be embalmed, whereby the body was kept in a perfect state of preservation and was made proof against decomposition for a period greatly exceeding the time ordinarily occupied by the voyage from the point at which the steamship was when Mr. Finley died to the docking point at New York city.

It is further alleged that the defendant continued to carry the body of Mr. Finley until about five o'clock in the afternoon of July 6th, 1913, when the steamship approached tidal waters near Nantucket Shoals, Massachusetts, at which time defendant, though in possession of the property and effects of the deceased and information as to plaintiff's address as stated, and though the body was then in a perfect state of preservation and proof against decomposition, and while plaintiff was then and at all times ready, willing and able to receive the body for burial, determine the place of burial and defray all expenses incident thereto, nevertheless the defendant negligently, wrongfully and willfully failed and refused to notify plaintiff or any of the next of kin of the deceased of the death of Mr. Finley and failed and refused to transport the body to the docking point in New York and at the time when in or near said tidal waters negligently, wrongfully and willfully caused the body to be cast into the sea in a place unknown and inaccessible to plaintiff.

That on July 7th, 1913, about 2:30 P. M. defendant notified plaintiff that Clement B. Finley had died at sea, and plaintiff immediately notified defendant that he would procure an undertaker and meet the steamship at New York to take charge of the body; that when the steamship docked at New York, about six o'clock on the evening of that day, plaintiff and the undertaker in his behalf demanded of defendant the body of his father, Mr. Finley, for the purpose of burial; that defendant then and has since, wrongfully refused to deliver possession of the body to plaintiff, one of the next of kin of said deceased, or to the undertaker, and informed the undertaker and plaintiff that the body was disposed of at sea as above described several hours before the steamship docked.

The complaint then alleges that the acts of defendant were negligent, wrongful and willful, a gross outrage upon plaintiff's rights and sensibilities and an unlawful

interference with and violation of his rights to the solace and comfort of a burial of the body of Clement B. Finley by the plaintiff and other next of kin, and the right of plaintiff to receive the body for the purposes of determining the place of burial and the burial of the same, whereby plaintiff was shocked and wounded in feelings, caused mental distress, anguish, suffering, expense, etc., for which he demands damages.

That there is no right of property in a dead body in the ordinary acceptation of the term is undoubtedly true when limited to a property right as understood in the commercial sense. Respect for the dead, the feelings of mankind for their deceased parents, relatives and friends has been recognized by the legislature and the courts. In this state, the Penal Law, section 2211, provides "except in the cases in which a right to dissect it is expressly conferred by law, every dead body of a human being, lying within this state, must be decently buried within a reasonable time after death." A right of dissection exists only when a coroner is authorized by law to hold an inquest *and no further;* or whenever and so far as the husband, wife or next of kin of the deceased, being charged by law with the duty of burial, may authorize dissection for the purpose of ascertaining the cause of death *and no further;* by order of the court in a criminal proceeding to ascertain the cause of death (Penal Law, § 2213); by medical colleges upon bodies delivered to them by hospitals, prisons, asylums, etc., provided no corpse shall be delivered or received if desired for interment by relatives or friends within forty-eight hours after death, or, if known to have relatives or friends, without the assent of such relatives or friends, etc. (Public Health Law (Cons. Laws, ch. 45), §§ 316, 317.)

At common law it is the duty of an individual under whose roof a poor person dies to carry the body decently covered to the place of burial and to refrain from doing anything which prevents in anywise a suitable burial.

The body cannot be cast out so as to expose the same to violation or to offend the feelings or injure the health of the living. (*Reg.* v. *Stewart*, 12 A. & E. 773.) In *Patterson* v. *Patterson* (59 N. Y. 574, 583) Judge FOLGER quoted from the case of *Chapple* v. *Coope* (13 M. & W. 252) with approval: "There are many authorities which lay it down that decent Christian burial is a part of a man's own rights; and we think it no great extension of the rule to say, that it may be classed as a personal advantage and reasonably necessary to him," and from *Reg.* v. *Stewart* (*supra*): "This right existing, the law casts upon some one the duty of seeing that it is accorded."

What obligation, if any, was assumed by the defendant by reason of the embalming and preservation of the body? From the complaint we may assume that defendant in the operation of a first class steamship had supplied a person qualified to embalm the body of the deceased and had provided a suitable place for the storage of the same; that the body was kept in a perfect state of preservation and made proof against decomposition for a period greatly exceeding the time ordinarily occupied by the voyage from the point where the steamship was at the time of death and the city of New York. Having embalmed the body, defendant continued to carry the same until about five P. M., July 6th, 1913, a period of upwards of four days, when defendant buried it at sea in or near Nantucket Shoals at a time when the steamship was about twenty hours from port.

The question as to whether or not defendant was under a legal duty to embalm the body in the first instance is not presented on this appeal. The contractual relations, if any, between the deceased and the defendant are not alleged in the pleadings. The only question before us is what duty devolved upon the defendant in view of the situation it created. It had prepared the body in such manner that danger was not to be expected and could

not arise from the presence of the same on board the steamship. It carried the body on board the steamship four and one-half days before the burial of the same. Ample means to defray the expense of delivering the body at the port of New York were in possession of defendant, and plaintiff was at all times ready and willing to defray any expense incident to the delivery of the body to him for burial.

Under the circumstances and the facts alleged in the complaint a reasonable discharge of the common-law duty required defendant to transport the body to the port of New York and deliver it to the parties entitled to the possession of the same for burial. At the time of the burial at sea the body could have been carried to port without injurious effect. Had the steamship been passing through the harbor of New York and approaching its dock, it could scarcely be said that the defendant would be justified in casting the body into the water from whence it could not be reclaimed, thereby depriving the next of kin of the solace of giving the body a decent burial on land.

The action at bar may be, as is said, a novel one. The absence of precedent does not lead to a conclusion that there is no remedy for the wrong alleged to have been inflicted upon the plaintiff. The principles to which attention has been called in connection with decisions of the courts in anaolgous cases when applied to the facts stated in the complaint sustain the right of action in plaintiff.

A right of action has been sustained for an unauthorized dissection or one contrary to the wishes or consent of the widow, heirs or next of kin (*Foley* v. *Phelps*, 1 App. Div. 551; *Darcy* v. *Presbyterian Hospital, N. Y.*, 202 N. Y. 259; *Burney* v. *Children's Hospital*, 169 Mass. 57; *Larson* v. *Chase*, 47 Minn. 308; *Philips* v. *Montreal General Hospital*, 33 Quebec L. R. 483); for retaining organs

17

of a deceased body after autopsy or without consent (*Hassard* v. *Lehane*, 143 App. Div. 424; *Koerber* v. *Patek*, 123 Wis. 453), and for mutilation of a body (*Medical College of Georgia* v. *Rushing*, 1 Ga. App. 468; *Kyles* v. *So. Railway Co.*, 147 N. C. 394).

Counsel for appellant argued that plaintiff is not entitled to recover damages for injuries to his feelings, and even assuming the facts before the court, it is only chargeable with an error of judgment or at most with negligence, consequently a recovery for mental anguish cannot be sustained.

The plaintiff had a legal right to the possession of the body for burial and any unlawful interference with that right was an actionable wrong. The right preserved to the plaintiff was a common-law right, and the direct and proximate consequence of an actionable wrong is a subject for compensation. Whenever there is a breach of a contract or the invasion of a legal right the law infers some damage. (*Larson* v. *Chase*, 47 Minn. 307, 310.) In that case the action was to recover damages for the unlawful mutilation and dissection of a dead body, the only damages claimed being mental anguish, suffering and nervous shock. Such damages were held properly recoverable. The case of *Larson* v. *Chase* was cited and approved in *Darcy* v. *Presbyterian Hospital, N. Y.* (202 N. Y. 259, 263).

The counsel next asserts that there is a defect of parties plaintiff in that the brothers and sisters of plaintiff are not joined as parties plaintiff in the action. The plaintiff here seeks only to recover such damages as are personal to him. As the son of the deceased he had a right to receive the body for burial, and no reason exists why he should be obliged to join other next of kin in an action wherein he seeks compensation personal to himself.

The order should be affirmed, with costs, the first question answered in the affirmative and the second question answered in the negative.

POUND, J.  I concur in the result.   The allegations of the complaint are to the effect that the body of deceased was needlessly and wantonly cast into the sea, in disregard of the feelings of the next of kin.   This sufficiently states a cause of action.   An indignity to the dead is an offense to the living.   But it cannot be said that under ordinary circumstances the next of kin of a person who dies on shipboard have such a legal right to the possession of the body that they may recover damages because the burial is at sea.   A decent committal of the body to the deep in accordance with the custom in such matters ordinarily discharges the duty which the law imposes. In this case, for example, if the death had occurred on the outward-bound voyage, what greater obligation would be implied in the absence of a special contract?

HISCOCK, Ch. J., CUDDEBACK and CARDOZO, JJ., concur with HOGAN, J., and POUND, J., concurs in result in memorandum; COLLIN, J., dissents; CHASE, J., not sitting.

Order affirmed.