MADEIRAN ALLIANCE PROTECTIVE ASSOCIATION *vs.* LOWELL TRUST COMPANY.

Middlesex. November 9, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Bank. Bills and Notes. Contract,* Implied. *Corporation,* Officers and agents.

A treasurer of a corporation deposited corporation funds in a bank in an account subject to check, signing a signature card which stated that the fund belonged to "M. A. P. Association," and that the "duly authorized signature" for checks was his name followed by the designation, "Treas." In the following eleven months eight checks were drawn on the account which were signed "M. A. P. Association" followed by the treasurer's name and office, and twenty-three others were drawn by the treasurer. The corporation then elected a new treasurer, who informed the bank that he wished to keep the account in the same

way that it had been kept by his predecessor, and signed a signature card with the name of the corporation in full and, as the "duly authorized signature," his full name followed by the designation, "Treasurer." Thereafter, he drew one check having as drawer the corporation's name followed by his name and office, and then told the cashier that he wished to draw $600 to deposit in a savings bank where it would draw interest. The cashier filled out and handed to him a counter check payable to "cash," which he signed with his own name followed by words in a foreign language which meant that he was treasurer of the corporation, and the cashier paid the check. The bank had received no notice of any limitation on the authority of the treasurer of the corporation to draw corporation funds. The corporation brought against the bank an action for money had and received, and the foregoing facts were agreed to. *Held,* that the action could not be maintained, as the plaintiff had failed to show that the defendant violated its duty as debtor to the plaintiff in paying $600 to the treasurer.

CONTRACT for $600, money alleged to have been had and received by the defendant to the plaintiff's use. Writ dated March 6, 1917.

In the Superior Court, the action was heard upon an agreed statement of facts by *King*, J., without a jury. Material facts are described in the opinion. The judge found the facts as they were agreed to and reported the action to this court for determination.

The case was submitted on briefs.

*F. A. Niccolls,* for the plaintiff.

*J. J. Hogan & W. A. Hogan,* for the defendant.

DE COURCY, J. One John S. Pitta, treasurer of the plaintiff, on February 2, 1914, deposited money of the association with the defendant, stating that he desired to draw checks against the same. On the signature card he wrote the name of the plaintiff as "M. A. P. Association;" and the "duly authorized signatures, which you will recognize in the payment of funds or the transaction of other business on our account" was stated to be "John S. Pitta, Treas." During the following eleven months many checks were drawn against this account. Eight of these were signed "M. A. P. Association, John S. Pitta, Treasurer;" and twenty-three others were drawn by said John S. Pitta, Treasurer. About January 3, 1915, one Leonard A. Correa Azevedo was elected treasurer of the plaintiff association, and informed the defendant that he desired to keep an account in the bank in the same way that it had been kept by his predecessor. A similar signature card was filled out and signed, Azevedo writing the name "Madeiran Alliance Protective Ass.," and, as the duly authorized

signature in the payment of funds on the plaintiff's account, "Leonard A. Correa Azevedo Treasurer." On January 11, 1915, a check was drawn against the account signed "Madeiran Alliance Protective Ass. By Leonard A. C. Azevedo," and it was duly honored. On January 22, 1915, Azevedo went to the defendant's place of business and informed the teller that he wished to draw out $600 of the money deposited by him, in order to place it in a savings bank, where it would draw interest. A counter check was handed to him, filled out for $600, and made payable to "cash." It was signed "Leonard A. Correa Azevedo Thesoureiro M. Associosao," which admittedly stands for Treasurer Madeiran Association. The money was paid to Azevedo, and charged against the account of the plaintiff. This action is brought to recover $600 "for money received by the defendant to the plaintiff's use."

Azevedo, who deposited and drew the plaintiff's money, was in fact the duly elected and acting treasurer of the association. When the account was opened the defendant was directed to recognize "Leonard A. Correa Azevedo, Treasurer" as the duly authorized signature, in the payment of funds on the plaintiff's account. The plaintiff never notified the bank of any limitation, by by-law or otherwise, on the treasurer's authority to draw the money which he deposited. On the contrary for about a year checks had been drawn upon the plaintiff's account, by the former treasurer Pitta and by Azevedo; and all had been paid without any objection on the part of the association. The defendant was justified in assuming that the treasurer Azevedo was authorized to draw checks against the account of the plaintiff. *Horgan* v. *Morgan*, 233 Mass. 381, 385, and cases cited.

It is urged that the counter check as drawn was not in form the check of the plaintiff. The signature thereon indicated that Azevedo was signing as treasurer and on behalf of the Madeiran Association. Under the negotiable instrument law, R. L. c. 73, § 37, it would not bind him personally if he was duly authorized to sign checks for the association, and intended to exercise the authority at this time. *Jump* v. *Sparling*, 218 Mass. 324. *Carpenter* v. *Farnsworth*, 106 Mass. 561. It is agreed that the defendant, "up to and including said January 22, 1915, had had no notice either written or oral from the plaintiff or any person acting for it, as to how its checks were to be signed, drawn or paid, other

than from the aforesaid John S. Pitta and Leonard A. Correa Azevedo." The signature to the counter check complied with the instructions given by Azevedo on the "signature card" except that the word "Thesoureiro" was used instead of its equivalent in the English language. "Treasurer," and the words "M. Associosao" were added. As already appears, no particular form of signature had been adopted; some checks being signed "M. A. P. Association, John S. Pitta, Treasurer," others "John S. Pitta, Treasurer," and one "Madeiran Alliance Protective Ass. by Leonard A. C. Azevedo." There were no suspicious circumstances about the payment of the $600 check to put the defendant on inquiry. It was drawn by the treasurer, and the money was paid to him in person. His purpose, as stated was a reasonable one. Whether he actually carried out that purpose is not disclosed. In short, the plaintiff has failed to show, in the agreed statement of facts, that the defendant violated its duty as debtor to the plaintiff in paying the $600 on January 22, 1915, to the treasurer of the association.

This conclusion renders it unnecessary to consider St. 1912, c. 277, § 1, with reference to the plaintiff's failure to notify the defendant within a year that the check was drawn without authority. In accordance with the report judgment is to be entered for the defendant.

*So ordered.*