BROADWAY BOXING CLUB, INC., Plaintiff, *v.* BUSHWICK NATIONAL BANK, Defendant.

Supreme Court, Kings County, April 6, 1926.

Banks and banking — action by corporation to recover amount of checks payable to cash drawn and presented by treasurer thereof — checks were paid to treasurer — evidence that corporation authorized treasurer alone to sign checks and that he had done so is admissible on question of agency by estoppel — agency of treasurer by estoppel shown — not negligence, as matter of law, for bank to pay to treasurer checks drawn to cash and signed by treasurer.

In an action by a corporation to recover the amount of checks made payable to cash which were drawn and presented by the treasurer of said corporation upon the theory that the bank was negligent, as a matter of law, in paying out said checks to said treasurer, evidence that the corporation had authorized either its president or its treasurer to sign the company checks, and that said

treasurer had, from time to time, made deposits for the corporation and had drawn checks making withdrawals from the bank against plaintiff's account, was admissible on the question of agency by estoppel; therefore, the finding of the jury to the effect that the proof had fully established agency by estoppel, where it had been instructed from what facts such an agency might arise, and also from what facts no such agency could arise, should not be disturbed.

Nor was the defendant bank negligent, as a matter of law, in paying out the funds of the corporation to the treasurer of the corporation, where the proof shows that the checks were payable to cash and properly signed by the treasurer only, since it also appeared that said treasurer had full authority to sign said checks.

The mere fact that certain checks made payable to cash were presented to the paying teller of the defendant bank, signed by an officer who, as to them, was authorized to sign, is not sufficient to compel the bank to inquire as to whether the cash on the check was to be devoted to corporate purposes or otherwise, for it had the right to assume that the proceeds would be devoted to corporate purposes in the absence of anything to the contrary.

Motion by plaintiff to set aside verdict for defendant in an action to recover for the alleged negligence of the defendant in paying checks.

*A. D. Emil* and *David Slade* [*Joseph L. Greenberg* of counsel], for the plaintiff.

*Sydney Rosenthal*, for the defendant.

Carswell, J. The jury was warranted in finding that the initial deposit in the bank account of the plaintiff herein was brought to the bank by Ehrlich, and that at that time he received the temporary receipt; that he returned with the temporary receipt and complied with the formalities of opening the account on the following day, at which time he represented he was the treasurer of the plaintiff and received from the bank official a signature card with instructions to have the president sign same; that before leaving the bank he signed as treasurer, leaving space for the president, Feinberg, to sign; that the president, Feinberg (who owned all the stock of plaintiff), subsequently affixed his signature to the card at a time when Ehrlich's signature was already on it in the capacity of treasurer and at a time when the card recited that the president or the treasurer was to have authority to sign the company checks; that Ehrlich returned the card in that condition to the defendant bank, and that from time to time Ehrlich made further deposits and wrote checks making withdrawals from the bank against the plaintiff's account.

(1) The plaintiff asserts that the evidence of the foregoing upon which the jury acted was improperly admitted and that as a matter of law plaintiff was entitled to a verdict. Neither side submits authority that is directly in point on any question in the case. There is, however, authority of long standing that under the cir-

cumstances cited above, agency by estoppel arose. (2 C. J. 461, § 69.) The jury was instructed from what facts such an agency might arise, and also from what facts no such agency could arise. There is also a case where this principle was applied to a state of facts substantially paralleling in the important particulars the facts in this case. (*Fulton Bank* v. *N. Y. & Sharon Canal Co.*, 4 Paige, 127, 136, per Chancellor WALWORTH.) The evidence supporting this result was properly admitted under the foregoing authorities and the agency by estoppel of Ehrlich was fully established. The jury finding to that effect should not be disturbed.

(2) Plaintiff also asserts that the bank was negligent as a matter of law in paying out checks drawn to the order of cash and signed by the plaintiff corporation, per Ehrlich as treasurer, when such checks were presented by Ehrlich in person. The defendant was not negligent as a matter of law in so doing. Whether it was negligent or not was at best a question of fact for the jury, and the jury have held that the bank was not negligent. The bank could only be held to be negligent in the event that it was put on notice or inquiry that the proceeds of the checks were being or to be made, the subject of a larceny or conversion. Such notice or being put upon inquiry arises when a check is made payable to the officer and signed by the corporation per that self-same officer, or where no matter how the check is made payable the bank is apprised that the proceeds are being applied to the officer's personal affairs as when a check payable to cash is placed by the bank to the personal credit of the officer in an account the bank may have for that individual. But when a check, made payable to cash, is presented by an employee or officer of a corporation authorized to sign for such a corporation, to a bank for payment in cash, the bank has no means of knowing from a mere inspection of the check that the proceeds are going to be subjected to larceny or conversion by the one presenting the check. It is only put on notice where the individual presenting it is the payee or is depositing such a check in his private account. To hold otherwise would result in the court's ignoring the universal practice of long standing of treasurers and similarly authorized officers of corporations presenting checks made payable to cash for vast sums for payroll and other purposes. Such transactions are of daily occurrence in every bank in the city of New York, and if courts did not know this they would merely brand themselves as being ignorant of what is common knowledge in the entire business community, and give convincing point to the criticism often made that courts have lost touch with the practical facts of life and the world, especially in their attitude on matters of common knowledge in business practice. At most it is a question of fact for a jury

Surrogate's Court, Schoharie County, June, 1926. [Vol. 127

whether or not the circumstances surrounding the particular presentation of such a check carried with it notice of a diversion of funds from corporate purposes and whether or not the payment thereof by a bank was or was not an imprudent or negligent act within the standard of a reasonably prudent or cautious man exercising ordinary care. It has been judicially recognized, however, that a check not indorsed in form, for the credit of the person presenting it, cashed through a messenger, did not, without proof of further facts, establish any limitation on the right of the holder to receive the proceeds thereof from a bank, through a messenger or otherwise, so as to cast liability on the bank honoring the check. (*Peerrot* v. *Mount Morris Bank*, 120 App. Div. 247; *Madeiran Alliance Protective Association* v. *Lowell Trust Co.*, 237 Mass. 89; *Hatch* v. *Johnson Loan & Trust Co.*, 79 Fed. 828, 840, 841; *Griffin* v. *National Bank of Commerce*, [Mo.] 246 S. W. 180.) When the checks sued upon herein made payable to cash were presented to the paying teller of the defendant bank, signed by an officer who, as to them, was authorized to sign, the bank was not required to inquire into whether the cash on the check was to be devoted to corporate purposes or not. It had a right to assume that the proceeds would be devoted to corporate purposes unless a jury concluded that the surrounding circumstances were such that it would be negligent so to assume. Here the jury has held that the bank was not negligent on evidence that is conclusive upon this court.

Motion to set aside the verdict for the defendant is denied, with exception to the plaintiff.