## BRAMBIR v. CUNARD WHITE STAR LIMITED.

District Court, S. D. New York.

Dec. 19, 1940.

Lesser & Lesser, of New York City, for plaintiff.

Lord, Day & Lord, of New York City (William J. Brennan, of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

Defendant has moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order dismissing the complaint on the ground that the facts · alleged in the complaint are insufficient to constitute a cause of action against defendant.

The gravamen of the complaint is an alleged unlawful interference with and violation of the plaintiff's right to accord her deceased husband a decent burial. Briefly summarized, the complaint alleges that William Brambir, the plaintiff's husband, sailed from Liverpool June 29th, 1940, bound for New York, N. Y., as a passenger on the steamship Samaria, operated by defendant, said steamship docking at its destination on July 8th, 1940. On June 30th, 1940, said William Brambir died aboard ship and was buried at sea on July 2nd, 1940.

Decedent had ample funds among his effects to defray the expense of notifying the plaintiff of his death and of embalming the body and transporting it to New York, the desired place for interment. Further, several passengers are alleged to have offered to pay aforesaid expenses. Defendant declined their offers and failed to communicate with the plaintiff until the boat had docked in New York, although the marital relationship of the plaintiff and her address were set forth in decedent's papers taken over by defendant.

The theory of plaintiff's cause of action is predicated on the proposition that defendant was under a duty to embalm the

body of decedent and transport it to port; further, that defendant was under a duty to notify her of her husband's death.

■ At common law the obligation of providing a decent burial for the body of a deceased person was imposed upon the person under whose roof the death took place. 17 C.J. 1142. It is self-evident that a death at sea eliminates the usual method of burial. Kanavan's Case, 1 Greenl. 226, 1 Me. 226. In such case, it would seem that the master of the ship has an absolute discretion as to the proper disposition of the corpse. The custom of burial at sea has long been sanctioned by usage.

The plaintiff's allegations seek to impose on the defendant the duty to embalm the body of the decedent and transport it back into port. There is no express allegation in the complaint that defendant had the facilities for embalming but, for the purposes of this motion, I will conclude that this is implicitly set forth in the complaint. The plaintiff cites no authority for imposing a duty to embalm upon defendant. The only case dealing with civil liability arising out of a burial at sea is Finley v. Atlantic Transport Co., 220 N.Y. 249, 115 N.E. 715, L.R.A.1917E, 852, Ann.Cas. 1917D, 726. · In that case, the ship's master had the body of the deceased embalmed, ensuring its preservation for a period much greater than the duration of the journey to port. The body was carried aboard ship for upwards of four days when defendant buried it at sea, the steamship then being approximately twenty hours from port. The New York Court of Appeals held that the complaint stated a good cause of action. That case is not controlling in the present situation. There, the defendant had embalmed the body and then cast it into the sea. Here, the plaintiff complains that the body was not embalmed.

In the Finley case, supra, the court, in the majority opinion, expressly passed the question involved herein, stating at page 256 of 220 N.Y., at page 717 of 115 N.E., L.R.A.1917E, 852, Ann.Cas.1917D, 726: "The question as to whether or not defendant was under a legal duty to embalm the body in the first instance is not presented on this appeal. The contractual relations, if any, between the deceased and the defendant are not alleged in the pleadings."

By this language, the court suggested that any legal duty to embalm was intimately interwoven with the contractual relationship of the parties. Judge Pound, in a concurring opinion, held that the duty of the defendant was discharged by a decent burial at sea, stating, page 259 of 220 N.Y., at page 718 of 115 N.E., L.R.A.1917E, 852, Ann.Cas.1917D, 726: "But it cannot be said that under ordinary circumstances the next of kin of a person who dies on shipboard have such a legal right to the possession of the body that they may recover damages because the burial is at sea. · A decent committal of the body to the deep in accordance with the custom in such matters ordinarily discharges the duty which the law imposes. In this case, for example, if the death had occurred on the outward bound voyage, what greater obligation would be implied in the absence of a special contract?"

In a footnote to the Finley Case, L.R.A. 1917E, 852, states: It would seem reasonable under the facts in Finley v. Atlantic Transport Co. for the court to take judicial notice that a passenger who dies five days before the contemplated end of the voyage must be buried at sea unless the body is embalmed. And it would seem clear that apart from express contract, there is no duty to embalm."

■ From the complaint, it appears that the decedent died aboard ship more than five days before the voyage's end and that consequently the body had to be buried at sea. It would seem that there is no affirmative duty on the ship's master to embalm the body of a passenger dying aboard ship, in the absence of a special contract. In fact, he is under a duty not to embalm such a body under pain of possible suit for mutilation or unauthorized interference with the body of deceased. Darcy v. Presbyterian Hospital, 202 N.Y. 259, 95 N.E. 695, Ann.Cas.1912D, 1238. Defendant had to bury decedent at sea unless it embalmed the body and it was under no affirmative duty to embalm even if directed to do so by the plaintiff. A person who books passage on an ocean-going steamer impliedly acquiesces to be bound by the custom of the sea and consents to burial therein in the event of death during the voyage.

■ The complaint also states that "The defendant negligently, wrongfully and wilfully caused said body to be cast into the sea." These statements are not those of ultimate facts proper to a pleading but are mere conclusions of law and as such are not to be deemed admitted for the purposes

of this motion. Peerrot v. Mount-Morris Bank, 120 App.Div. 247, 104 N.Y.S. 1045.

The plaintiff further complains that the defendant negligently, wrongfully and wilfully failed to notify the plaintiff or any of the next of kin of the death of the decedent until after the boat had docked in New York City. Plaintiff cites no authority imposing such a duty upon the defendant. At common law the failure to act ordinarily did not impose liability upon a person.

Assuming, however, that a duty to communicate might ordinarily exist, the failure to communicate herein furnishes no ground for grievance. In any event, I am of the opinion that under the facts of this case, the defendant was under no duty to notify the plaintiff of the fact of her husband's death prior to the ship's docking in New York.

The motion of the defendant is granted and the complaint is dismissed.