Sarah Gould, as Administratrix of the Estate of Leo Gould, Deceased, Claimant, v. State of New York, Defendant.
(Claim No. 26271.)

Court of Claims, June 11, 1943.

*Edward Deutsch, Samuel Greenberg* and *Arthur L. Gould* for claimant.

*John J. Bennett, Jr., Attorney-General (Martin P. O'Leary* and *Moses Kove* of counsel), for defendant.

Fitzsimmons, J. Leo Gould, husband of claimant herein, while an inmate of Rockland State Hospital, met with injuries resulting in his death, shortly following which an autopsy was performed. Upon burial of the body of deceased, certain of the organs previously removed had not been replaced.

Claim herein recites three causes of action, alleging: — *first,* wrongful death of Leo Gould; *second,* unlawful autopsy, and *third,* retention of certain organs of deceased's body following autopsy.

The State, at opening of trial herein, moved dismissal of second and third causes of action, upon which decision was then reserved. At completion of claimant's case, and at conclusion of entire case, the State moved dismissal of all causes of action, together with striking from the record all testimony offered as to second and third causes of action, as to all of which motions decisions were reserved.

Subsequent to trial, claimant, by separate and formal motion — M893 — now pending, seeks leave to amend claim herein by adding as parties claimant decedent's widow and each of his children. Such motion requires passing upon the State's motion for dismissal of second and third causes of action prior to determination of entire case herein.

The fact that amendment of claim in the particulars outlined is sought herein seems to make clear the inference that claimant is in accord with the State's contention that the estate of deceased, as such, has suffered no recoverable damages under second and third causes of action herein set forth.

In *Darcy* v. *Presbyterian Hospital* (202 N. Y. 259) involving the right of a mother to maintain an action for damages resulting from the mutilation of the remains of her deceased son through an unauthorized autopsy on the body, the court stated its approval of the rule adopted in the case of *Larson* v. *Chase* (47 Minn. 307) — as the Massachusetts courts previously had done.

The Court of Appeals refers to *Larson* v. *Chase* as outlining the most elaborate consideration of the question in the courts of this country, based as it is upon an examination of the authorities both in this country and in England.

In *Larson* v. *Chase* the conclusion is reached that while no action can be maintained by the executor or administrator upon the theory of any property right in the decedent's body, the right to the possession of a dead body for the purpose of preservation and burial belongs to the surviving husband or wife, or next of kin, in the absence of any testamentary disposition, a right the law will recognize and protect from any unlawful mutilation of remains by awarding damages for injury to the feelings and mental suffering resulting from the wrongful acts, although no pecuniary damage is alleged or proved.

In *Foley* v. *Phelps* (1 App. Div. 551) it was held that the widow of deceased upon whose body an autopsy was performed, is held to be the person to maintain such an action, if it may be maintained at all.

In *Hassard* v. *Lehane* (143 App. Div. 424) it was held that the right of the mother of a boy to the possession of the corpse of her deceased son in the condition it was in the instant of death, for the purpose of preserving and burying the remains, gave her a cause of action to recover damages, measurable by the injury to her feelings caused by the invasion or violation of the right through an unauthorized autopsy.

In *Finley* v. *Atlantic Transport Co.* (220 N. Y. 249, 258) it was held that the son of the deceased had a right to receive the

body of his father for burial and no reason existed why he should be obliged to join other next of kin in an action wherein he sought compensation personal to himself.

The State's motions for dismissal of second and third causes of claim herein are hereby granted.

The State's motion to strike out all testimony taken concerning causes second and third of claim is hereby denied, on the ground that simultaneously herewith order is granted permitting filing of claims herein individually by the widow and children of claimant's intestate as sought in Motion No. M893, with permission to both parties hereto to offer such further testimony as may be deemed necessary.