Freida TINSLEY, Billy J. Smith,
and Way Smith, Plaintiffs–
Appellants,

v.

Charles DUDLEY, individually and as a
Policeman employed by the City of
Chattanooga, Tennessee, The City of
Chattanooga, Tennessee, and Dr. Frank
King, individually and as Hamilton
County Medical Examiner, Defendants–
Appellees.

Court of Appeals of Tennessee,
Eastern Section.

Aug. 29, 1995.

Permission to Appeal by
Supreme Court Feb. 5, 1996.

Charles P. Dupree, Chattanooga, for Plaintiffs–Appellants.

Randall L. Nelson, City Attorney, and, Wm. Shelley Parker, Jr., Chattanooga, for Defendants–Appellees Charles Dudley and the City of Chattanooga.

Rheubin M. Taylor, County Attorney, Chattanooga, for Defendant–Appellant, Dr. Frank King.

## OPINION

FRANKS, Judge.

In this action plaintiffs, who are the children of deceased James Smith, sued a Chattanooga Policeman, the City of Chattanooga and the Hamilton County Medical Examiner. Their complaint alleged that on April 5, 1994, James Smith left his daughter's home in Bradley County and was found dead in his car later that afternoon in Chattanooga by a Chattanooga police officer. The Chattanooga police caused the body to be removed to the office of the Hamilton County Medical Examiner, where it was frozen.

Plaintiffs further allege there was proper identification on the body, but neither the Medical Examiner nor the police officer notified the family of the death and the whereabouts of the body, and defendants were guilty of negligence "in the knowing and intentional failure to make any attempt to notify plaintiffs." The complaint further alleged that a week elapsed before they learned of their father's death by a telephone call from one of the deceased's friends. In an amendment to the complaint, the plaintiffs alleged the defendants violated Tennessee Code Annotated §§ 38–1–105, 68–4–101 and 68–4–103.

Responding to defendants' motion to dismiss pursuant to T.R.C.P. Rule 12.02(6), the Trial Court dismissed the complaint for failure to state a cause of action, and plaintiffs have appealed.

■ At common law, there was no property right in the body of a deceased. 22(a) Am.Jur.2d, *Dead Bodies*, § 2, p. 9. Courts however have recognized that a quasi-property right in dead bodies vests in the nearest relatives, and arises from their duty to bury their dead. *See Barela v. Frank A. Hubbell Co.,* 67 NM 319, 355 P.2d 133 (1966) 22 Am.Jur.2d § 3, p. 10. At common law there was no duty to notify the next-of-kin of a death. *Brambir v. Cunard White Star Ltd.,* 37 F.Supp. 906 (S.D.N.Y.1940) *affirmed* 119 F.2d 419 (2d Cir.1941).

■ No statute in this jurisdiction has been called to our attention which would require the defendants to notify plaintiffs of decedent's death. None of the statutes cited by plaintiffs establishes such duty. T.C.A. § 38–1–105 reads:

**Failure to report discovery of dead body.**—It is a misdemeanor for any person who discovers an unattended dead human body, or parts thereof, to fail to report such discovery immediately, by the fastest available means of communication, to the chief of police if the body, or parts thereof, is discovered in an incorporated town or city, or to the sheriff if the body, or parts thereof, is discovered in the county outside the corporate limits of any incorporated town or city.

The foregoing statute does not establish a duty to notify the next-of-kin by these defendants.

■ T.C.A. § 68–4–101 states:

**Notice of death occurring while receiving medical attention or in institution— Action taken upon expiration of eight hours—Penalty.**—(a) When any person dies in a doctor's office, or any clinic, hospital or state, county or city institution, it is unlawful for any doctor, nurse, attendant, orderly, janitor or bookkeeper, or anyone, to call any undertaker without first making an effort to contact some relative of the person, if the person has any known kin in the county where the person died, so as to give the kin or relative the right to call an undertaker or crematory of their choice.

(b) In the event kin or relatives are not available or are not known, or should the next of kin fail or refuse to summon an undertaker or crematory or to dispose of the body in some manner within eight (8) hours after the death of the person, then the doctor, hospital, clinic or other institution may summon some undertaker to take over the body.

(c) In the event the next of kin refuses to summon an undertaker or crematory or dispose of the body in some manner immediately, then the doctor, hospital, clinic or institution may summon some undertaker to take over the body.

(d) Any doctor, nurse, attendant, orderly, janitor or bookkeeper or anyone connected with the office, hospital, clinic or institution violating subsection (a) commits a Class C misdemeanor.

The complaint does not alleged that the deceased died in any of the places mentioned in the Statute, nor are the defendants included among those upon which the duty devolves.

█ T.C.A. § 68–4–103 provides:

**68–4–103. Persons dying in publicly-supported institutions or to be buried at public expense—Notice to relatives—Notice to chief medical examiner—Removal of body—Embalming—Infectious or contagious cases.**—(a) Whenever any person dies in any hospital, infirmary, mental health institute, poorhouse, penitentiary, house of correction, workhouse, jail, or other charitable or penal institution that is supported in whole or in part at public expense, or whenever any body is delivered to a public official for the purpose of burial at public expense, it is the duty of the public official or of the custodian, superintendent or active head of such institution to immediately notify the nearest or other relative of such person, if any relative be known, of such person's death.

(b)(1) After such notification, such custodian, superintendent or active head of the institution or public official shall then hold the body of such deceased person not less than forty-eight (48) hours, and if at the end of that time no relative claims the dead body and no provision has been made for its interment other than at public expense, then such custodian, superintendent or active head or public official shall notify the chief medical examiner or the chief medical examiner's representative that such custodian, superintendent, or active head or public official has such body, and upon demand by the chief medical examiner or the chief medical examiner's representative, shall deliver or surrender the body to the chief medical examiner or the chief medical examiner's representative or to either of their order.

(2) Such notification shall be made in any manner that the chief medical examiner shall direct and all the expense of such notification and delivery or surrender of the body shall be at the expense of and shall be borne by the institution obtaining the dead body.

(c) If the chief medical examiner or the chief medical examiner's representative upon receipt of the notification shall not within twenty-four (24) hours make a demand for the body, then it shall be buried as now or hereafter provided by law.

(d) No custodian, superintendent or head of a charitable or penal institution or public official shall charge or receive or accept money or other consideration for any body.

(e) The chief medical examiner may by proper instructions have the body embalmed by such person as the chief medical examiner may direct, and to the person performing this work under the chief medical examiner's instructions the institution receiving the body shall pay a reasonable compensation.

(f) No person who has died of any contagious or infectious disease shall be held to be within the provisions of §§ 68–4–102—684–109 unless proper precautions as prescribed by the chief medical examiner are taken to prevent the spread of contagious or infections.

The alleged place of plaintiff's death does not fall within any of the locations enumerated in the Statute, and there are no factual allegations that the body was delivered to a public official for the purposes of burial at public expense.

█ While it is widely recognized that willful interference with the right of burial is tortious conduct, the alleged facts do not constitute a willful interference with burial of the body.

The facts of this case point to the need for legislative action under the police power of the State. The General Assembly has established the duty to notify under circumstances set forth in the foregoing statutes. It would be appropriate to extend that duty to cover circumstances as in the alleged facts of this case.

For the foregoing reasons we affirm the judgment of the Trial Court and remand at appellants' cost.

McMURRAY, J., and CLIFFORD E. SANDERS, Senior Judge, concur.