■ NORTHWAY MALL ASSOCIATES, Respondent, v BERNLEE REALTY CORP. et al., Appellants. — Order, Supreme Court, New York County (Gomez, J.), entered April 8, 1982, granting plaintiff's motion for summary judgment and assessment of damages, is unanimously modified, on the law, to the extent that plaintiff's motion for summary judgment is denied *in toto* as against defendant Arlen Realty and Development Corp., and the complaint is dismissed as against said defendant, and the order is otherwise affirmed, without costs. Neither the defendant Arlen, nor its predecessor by merger, Spartans Industries, Inc., is a party to or has assumed any obligations under the contract sued on. As to the claim against defendant Bernlee, the chief argument made by said defendant is that there has been no showing of damages and that damages are an essential element of a claim for breach of contract, and without damages there can be no liability. The application of this doctrine to motions for summary judgment under CPLR 3212 (subd [c]), where the only triable issue is that of damages, would render that statutory procedure a nullity. The point of CPLR 3212 (subd [c]) is precisely to determine all issues except damages on a motion where, as here, it is reasonable to infer that there probably are damages from the breach. The motion for partial summary judgment under that subdivision covering all issues of fact except damages is available without proof on the motion of the amount of damages. (Cf. *Lurie v New Amsterdam Cas. Co.,* 270 NY 379; see, also, CPLR 3212, subd [g].) If on the assessment of damages it turns out that plaintiff is unable to prove any damages, the complaint can still be dismissed or perhaps nominal damages awarded. (22 NY Jur 2d, Contracts, § 371, p 272; *Finley v Atlantic Transp. Co.,* 220 NY 249, 258.) That possibility is not a reason for denying a motion for summary judgment on

issues of liability under CPLR 3212 (subd [c]). We note that the only breach alleged in the complaint is the failure to operate a Korvette store. The obligation to operate or cause to be operated such a store is limited to the first 10-year term, which apparently expired on or about October 10, 1980, and the damages which may be awarded on this complaint would thus be only those arising from the failure to operate or cause to be operated a Korvette store until that date. We do not consider the effect of the alleged bankruptcy proceedings of Korvettes, Inc., as the parties have not raised that issue. Concur — Sandler, J. P., Carro, Asch and Silverman, JJ.