■ EVELYN LLOYD, Respondent, v IMPERIAL AUTO COLLISION, INC., et al., Appellants.—Judgment of Supreme Court, New York County, entered April 22, 1985, upon a decision by Maresca, J., dated October 17, 1984, and an order of the same court (Riccobono, J.), entered January 2, 1985, denying defendant Lamboy's cross motion for reargument of the summary judgment motion before Justice Maresca, unanimously modified, on the law, to the extent of vacating the judgment and directing a trial on the issue of damages only, and otherwise affirmed, without costs.

Plaintiff's automobile was damaged in an accident on November 29, 1982 and brought to defendant Lamboy's shop for repairs on December 16, 1982. Lamboy agreed to do the necessary repairs for the sum of $3,010.95 and was paid in advance by plaintiff's insurance company. When the car was returned to plaintiff it was not operating properly. The dealer from whom it was purchased inspected the vehicle and advised plaintiff that numerous items still needed repair. Plaintiff brought the car back to defendant who agreed in writing to "properly repair" it, using new parts and guaranteeing all work at "no cost to Evelyn Lloyd". Plaintiff's car was never returned to her. She ultimately learned that it had been sold to a third party, whereupon she commenced this action for conversion, loss of use, breach of contract and unjust enrichment.

Special Term granted plaintiff's motion for summary judgment, noting that defendant failed to offer any explanation for the car's "disappearance" and stated no facts sufficient to deny summary judgment. Defendant's motion for reargument and reconsideration was denied. Thereafter, judgment was entered in favor of plaintiff in the sum of $46,189.99, covering damages, interest, costs and disbursements.

It is plain that there is no defense as to liability in this action. The only real issue is that of damages, which defendant did not raise until its motion for reargument and reconsideration. Defendant's papers consisted merely of an affidavit by an attorney who lacked personal knowledge. However, there was insufficient proof of the damages sustained by plaintiff. There was no expert or other testimony as to the value of the automobile or as to the sums claimed for loss of use or for repairs.

CPLR 3212 (c) provides: "If it appears that the only triable issues of fact arising on a motion for summary judgment

relate to the amount or extent of damages * * * the court may * * * order an immediate trial of such issues * * * before a referee, before the court, or before the court and a jury, whichever may be proper."

A hearing is necessary whenever liability is established and the damages are unliquidated *(Northway Mall Assoc. v Bernlee Realty Corp.,* 90 AD2d 739). There was insufficient proof in the record upon which to ascertain damages and enter judgment without a hearing. Accordingly we have remanded this action for a trial on the issue of damages only. Concur—Sandler, J. P., Carro, Fein, Milonas and Ellerin, JJ.