■ DAVID DIAMOND et al., Appellants, v ADRIAN DI LUZIO et al., Respondents. [802 NYS2d 233]—

In an action, inter alia, to recover damages for breach of confidentiality between attorney and client, physician and patient, and psychologist and patient, and for negligent infliction of emotional distress, the plaintiffs David Diamond and Chiara Diamond appeal from so much of an order of the Supreme Court, Nassau County (Martin, J.), dated December 24, 2003, as granted those branches of the separate motions of the defendant Adrian Di Luzio, the defendants North Shore-Long Island Jewish Mental Health System, Inc., Schneider Children's Hospital, and William Kaplan, and the defendant Meg Kaplan, which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In 1997 it was discovered that the plaintiff David Diamond (hereinafter David) was sexually abusing his sister, the plaintiff Chiara Diamond, when he was 14 years of age and she was 11 years of age. In the ensuing juvenile delinquency proceeding (*see Matter of David D.*, 256 AD2d 464 [1998]), David was represented in the Family Court, Nassau County, by Adrian Di Luzio, a defendant herein. Following David's admission that he had committed acts which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree, he was evaluated with respect to a disposition. A team of evalu-

ators at the facility to which David was remanded recommended his placement in a group home. Di Luzio hired the defendant William Kaplan to perform an independent evaluation of David.

In March 1998, as part of the "Grand Rounds In Psychiatry" program at the defendant North Shore-Long Island Jewish Mental Health System, Inc. (hereinafter North Shore), the defendant William Kaplan presented a mock trial based on the Family Court proceeding against David. The program was, in essence, repeated the following March. The names of David and his sister were allegedly revealed at the mock trials. David and his sister learned of these mock trials from their mother. They subsequently commenced this action, inter alia, to recover damages for negligent infliction of emotional distress.

The defendant Adrian Di Luzio, the defendant Meg Kaplan, and the defendants North Shore, Schneider Children's Hospital, and William Kaplan separately moved for summary judgment, relying on the psychiatric evaluations of David and Chiara performed by Dr. Paul Nassar. He opined that the plaintiffs did not sustain emotional distress from the disclosure of their names during the mock trials, as opposed to the emotional distress from the original abuse and David's psychiatric condition.

We agree with the Supreme Court that the defendants made a prima facie showing of their entitlement to summary judgment on the basis of Dr. Nassar's opinion, to a reasonable degree of medical certainty, that the plaintiffs were not emotionally or psychologically damaged by the disclosure of their names at the 1998 and 1999 mock trials (*see Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]; *Dana v Oak Park Mar.*, 230 AD2d 204, 210 [1997]). The burden then shifted to the plaintiffs to produce proof in evidentiary form to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 326-327 [1986]). The submission of only an affirmation by the plaintiffs' attorney without personal knowledge does not satisfy this burden (*see Zuckerman v City of New York, supra* at 563).

Accordingly, the Supreme Court correctly granted the separate motions for summary judgment dismissing the complaint based on the plaintiffs' failure to raise a triable issue of fact that the defendants' alleged conduct caused them any damages (*see Dana v Oak Park Mar., supra*).

The plaintiffs' remaining contentions are either unpreserved for appellate review or without merit. Crane, J.P., Santucci, Mastro and Dillon, JJ., concur.