■ ANALISA SALON, LTD., Doing Business as SUSAN MARLOWE FIGURE SALON, Appellant, v ELIDE PROPERTIES, LLC, et al., Appellants-Respondents, and JOHN JAMES ROMEO et al., Respondents. (Action No. 1.) ANALISA SALON, LTD., Doing Business as SUSAN MARLOWE FIGURE SALON, Appellant, v MICHAEL M. SEMINARA et al., Respondents. (Action No. 2.) [848 NYS2d 693]—

In two related actions, inter alia, to recover damages for unlawful eviction and breach of a lease, and for specific perfor-

mance of a right of first refusal contained in the lease, the plaintiff in action Nos. 1 and 2 appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered July 12, 2006, as denied those branches of its cross motion in action No. 1 which were for leave to serve a late notice of claim and for summary judgment on the issue of liability against the defendants Michael M. Seminara and Kenneth R. Herbert, and for summary judgment on the issue of liability against the defendant John James Romeo on the first and fourth causes of action, granted that branch of the motion of the defendants Michael M. Seminara and Kenneth R. Herbert which was to dismiss the complaint pursuant to CPLR 3211 and 3212 insofar as asserted against them in action No. 1, denied those branches of its cross motion in action No. 2 which were for leave to serve a late notice of claim and for summary judgment on the issue of liability, and granted that branch of the motion of the defendants in action No. 2 to dismiss the complaint pursuant to CPLR 3211 and 3212, and the defendants Elide Properties, LLC, and Jack Seminara in action No. 1 separately appeal from so much of the same order as granted that branch of the motion of the defendants Michael M. Seminara and Kenneth R. Herbert which was to dismiss all cross claims asserted against them in action No. 1.

· Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff's cross motion in action No. 1 which was for summary judgment on the issue of liability against the defendant John James Romeo on the fourth cause of action, and substituting therefor a provision granting that branch of the plaintiff's cross motion, (2) by deleting the provision thereof granting that branch of the motion of the defendants Michael M. Seminara and Kenneth R. Herbert which was to dismiss the complaint insofar as asserted against them in action No. 1, and substituting therefor a provision denying that branch of the motion, (3) by deleting the provision thereof granting that branch of the motion of the defendants in action No. 2 which was to dismiss the complaint, and substituting therefor a provision denying that branch of the motion, (4) by deleting the provision thereof granting that branch of the motion of the defendants Michael M. Seminara and Kenneth R. Herbert which was to dismiss all cross claims asserted against them in action No. 1, and substituting therefor a provision denying that branch of the motion, and (5) by deleting the provision thereof denying that branch of the plaintiff's cross motion in action No. 2 which was for summary judgment on the issue of liability on the cause of action to recover damages for wrongful

eviction in violation of RPAPL 749 (2) and substituting therefor a provision granting that branch of the plaintiff's cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

On February 14, 1997 Analisa Salon, Ltd., doing business as Susan Marlowe Figure Salon (hereinafter Analisa Salon), as tenant, entered into a five-year lease with the defendant John James Romeo, the owner of the subject property. The lease granted Analisa Salon an option to renew the lease for two additional five-year terms. Additionally, pursuant to the lease, Analisa Salon had a right of first refusal "[i]n the event that th[e] property is offered for sale."

In April 1998 Romeo notified Analisa Salon that it planned to sell the subject property for $500,000. Analisa Salon responded that it declined to exercise its right of first refusal at that time, but that it "reserve[d]" the right and expected to be notified of any third-party offers.

In December 1999 Romeo received a third-party offer to purchase the subject property for $440,000, and Romeo notified Analisa Salon of that offer. Analisa Salon responded that it would exercise its right of first refusal, and it apparently negotiated a reduction of the purchase price to $385,000. However, Analisa Salon declined to execute a contract of sale, and it received notice from Romeo in June 2000 that its time to purchase the subject property had "expired."

In April 2001 Romeo sold the subject property to the defendant Elide Properties, LLC (hereinafter Elide Properties), for $385,000. According to the president of Analisa Salon, Lisa Avellino, Romeo failed to provide notice of Elide Properties' offer to purchase the subject property, and she did not learn that Elide Properties was the new owner until May 2001.

In September 2001 Analisa Salon notified Elide Properties that it would exercise its option to renew the lease for an additional five-year term. After Elide Properties responded that the annual rent would be increased for the additional five-year term, Analisa Salon commenced an action for a judgment declaring the parties' rights under the lease.

On September 13, 2004 the Supreme Court issued a judgment declaring the rent owed by Analisa Salon during the additional five-year term. After Analisa Salon failed to pay the additional amount of rent owed, Elide Properties commenced a summary proceeding to evict Analisa Salon for nonpayment of rent. On March 10, 2005 a warrant of eviction was issued, which was ex-

ecuted by the defendants Michael M. Seminara and Kenneth R. Herbert, Constables of the Town of Eastchester (hereinafter collectively referred to as the Constables).

Analisa Salon commenced these related actions seeking, inter alia, to recover damages for unlawful eviction and breach of the lease, and for specific performance of its right of first refusal contained in the lease. Analisa Salon alleged, inter alia, that Elide Properties refused to accept a check on the date of eviction for the amount owed, and that Constable Seminara had a personal interest in securing the eviction because his father, the defendant Jack Seminara, was the principal of Elide Properties. Elide Properties and Jack Seminara asserted a cross claim for indemnification against Constable Herbert.

The Constables moved in both actions, inter alia, to dismiss the complaints and all cross claims insofar as asserted against them, arguing that the claims against them could not be maintained because Analisa Salon failed to serve a notice of claim as required by General Municipal Law § 50-e. Analisa Salon cross-moved in both actions, inter alia, for summary judgment on the issue of liability against the Constables, asserting that it was not required to serve a notice of claim.

Romeo cross-moved, inter alia, for summary judgment dismissing the complaint in action No. 1 insofar as asserted against him on the ground that Analisa Salon waived its right of first refusal by declining to exercise that right after receiving notice of Romeo's intent to sell the subject property in April 1998. Analisa Salon cross-moved, inter alia, for summary judgment on the issue of liability against Romeo, asserting that Romeo was required to provide notice that he had received an offer from Elide Properties.

In opposition to Analisa Salon's cross motion, Romeo submitted, inter alia, a copy of a letter dated February 14, 2001, which stated that it had received an offer to purchase the subject property from Elide Properties, and an affirmation from Romeo's attorney stating that the letter had been sent to Analisa Salon. Analisa Salon denied that it ever received the February 2001 letter.

The Supreme Court granted those branches of the Constables' motions in both actions which were to dismiss the complaint and all cross claims insofar as asserted against them, finding that service of a notice of claim was a condition precedent to commencement of an action against them. Additionally, the Supreme Court declined to award summary judgment to Romeo or Analisa Salon, finding the existence of a triable issue of fact as to whether Romeo sent the February 2001 letter to Analisa Salon.

General Municipal Law § 50-e (1) (a) provides, in pertinent part, that in any case founded in tort where a notice of claim is required by law, such notice must be served within 90 days after the claim arises. General Municipal Law § 50-e (1) (a) "does not, in and of itself, require the service of a notice of claim, but rather simply recognizes that when such a notice of claim is required by other pertinent laws, it must be served in accordance with the strictures of General Municipal Law § 50-e" (*Bovich v East Meadow Pub. Lib.*, 16 AD3d 11, 16 [2005]).

Furthermore, "General Municipal Law § 50-e (1) (b) provides that the notice of claim requirement does not apply where only an officer, appointee, or employee of a public corporation, rather than the public corporation itself, is a named defendant unless the public corporation has a statutory obligation to indemnify the person" (*Smith v Scott*, 294 AD2d 11, 18-19 [2002]).

Here, Analisa Salon submitted evidence which established, prima facie, that it was evicted by the Constables in violation of RPAPL 749 (2). The burden then shifted to the Constables to raise a triable issue of fact. The Constables, in reliance upon Local Law No. 7 of the Town of Eastchester, contended that they were entitled to indemnification from the Town and, therefore, Analisa Salon's failure to serve a notice of claim pursuant to General Municipal Law 50-e (1) (b) required dismissal of the complaint. Local Law No. 7, which provides for the indemnification of Town employees in civil actions arising out of any alleged act or omission which occurs in the scope of employment, defines an "employee" as: "any person holding a position by election, appointment or employment in the service of the Town, including members of the Planning Board, Zoning Board of Appeals, Board of Electrical Control, Plumbing Board of Examiners, Board of Architectural Review, Board of Recreation Commissioners, Board of Ethics, Board of Trustees of the Police Pension Fund, Board of Police Commissioners and the Library Board of Trustees. It shall not include an independent contractor, a volunteer, or any person not compensated for his services except as aforementioned. The term 'employee' shall include a former employee, his estate or judicially appointed personal representative" (Local Law No. 7 § 1 [a]).

The Town Board minutes submitted by Analisa Salon in opposition to the Constables' motion established that the position of Town Constable is not compensated by the Town of Eastchester. Accordingly, pursuant to the exclusionary language of Local Law No. 7 § 1 (a), the Constables were not entitled to indemnification from the Town as a matter of law. Therefore, as a matter of law, Analisa Salon was not required to serve a notice of

claim as a condition precedent to the commencement of these actions, and the Supreme Court incorrectly denied Analisa Salon's motion in action No. 2 for summary judgment against the Constables on the cause of action to recover damages for wrongful eviction in violation of RPAPL 749 (2).

Additionally, as Analisa Salon correctly asserts, it submitted evidence which established, prima facie, that it did not receive notification from Romeo of Elide Properties' offer to purchase the subject property. The burden then shifted to Romeo to produce proof in evidentiary form to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 326-327 [1986]). Romeo failed to satisfy this burden by submitting an affirmation from his attorney, who had no personal knowledge of the facts, claiming that the February 2001 letter had been sent to Analisa Salon (see Diamond v Di Luzio, 22 AD3d 517 [2005]). Significantly, the attorney who represented Romeo in connection with the sale of the subject property made no such claim. Furthermore, contrary to Romeo's contention, Analisa Salon did not waive its right of first refusal by declining to exercise that right after receiving in April 1998 notice of Romeo's intent to sell (see Cipriano v Glen Cove Lodge #1458, B.P.O.E., 1 NY3d 53 [2003]).

Nevertheless, Analisa Salon was not entitled to summary judgment on the first cause of action of the amended verified complaint in action No. 1 for specific performance of the right of first refusal contained in the lease, because it offered no proof that it was ready, willing, and able to purchase the property under the terms offered to Elide Property (see Cipriano v Glen Cove Lodge #1458, B.P.O.E., 1 NY3d 53, at 393-394 [2003]).

However, Analisa Salon was entitled to summary judgment on the fourth cause of action of the amended verified complaint in action No. 1 alleging breach of the lease, and it may recover damages resulting from the breach. Accordingly, we remit the matter to the Supreme Court, Westchester County, for a determination on the issue of damages.

The parties' remaining contentions are without merit or need not be reached in light of our determination. Schmidt, J.P., Fisher, Lifson and Carni, JJ., concur.