Order and judgment (one paper), Supreme Court, New York County (Louis B. York, J.), entered June 25, 2012, awarding plaintiff the total amount of $365,913.07, and bringing up for review an order, same court and Justice, entered January 9, 2012, which granted plaintiffs motion for summary judgment and dismissed defendant’s counterclaims, unanimously modified, on the law, to vacate the judgment and to direct a trial on the issue of damages only, and otherwise affirmed, without costs. Appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The motion court correctly determined that defendant, which entered into a license agreement and a support and services agreement for plaintiffs financial software, did not have the right to withhold payment of the annual support fee invoiced by plaintiff, and that such action breached the support agreement, justifying termination of both agreements by plaintiff and defendant’s license to use the software (see e.g. Awards.com v Kinko’s, Inc., 42 AD3d 178, 187 [1st Dept 2007], affd 14 NY3d 791 [2010]). There is no language in the agreements that permitted defendant to withhold payment, and plaintiff did not waive the requirement of defendant’s payment or modify the agreements to permit defendant’s withholding of payment.
*636 However, the record demonstrates that there was insufficient proof of the damages sustained by plaintiff due to defendant’s continued use of the software after plaintiff had terminated the license. Accordingly, the matter is remanded for a trial on the issue of damages (see Lloyd v Imperial Auto Collision, 120 AD2d 354 [1st Dept 1986]). Concur—Tom, J.P., Andrias, Acosta, Manzanet-Daniels and Román, JJ.