FranPearl Equities Corp. v 24 W. 23rd St., LLC (2018 NY Slip Op 06326)





FranPearl Equities Corp. v 24 W. 23rd St., LLC


2018 NY Slip Op 06326


Decided on September 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2018

Renwick, J.P., Gische, Mazzarelli, Kern, Moulton, JJ.


653225/12 7172 7171

[*1]FranPearl Equities Corp., Plaintiff-Appellant,
v
1 24 West 23rd Street, LLC, Defendant-Respondent.


Kucker & Bruh, LLP, New York (Catherine A. Helwig of counsel), for appellant.
Cole Schotz P.C., New York (Nolan E. Shanahan of counsel), for respondent.



Orders, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about August 31, 2017, which denied plaintiff's motion for partial summary judgment, and granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
It is undisputed that, following the sale of a parcel of land by plaintiff to defendant's assignor, defendant failed to construct a building on the property and obtain a temporary certificate of occupancy (TCO) for it by September 15, 2011, as the contract of sale required. It is further undisputed that defendant obtained a TCO on November 1, 2012, 13½ months after the deadline. In its case against defendant for breach of contract, plaintiff failed to show that it was harmed by defendant's delay (see Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]).
Plaintiff contends that, due to applicable zoning regulations, defendant's delay prevented it from constructing a building on its own adjacent property for 13½ months. However, plaintiff failed to show that it would otherwise have started construction in September 2011; the evidence it submitted consists primarily of preliminary zoning calculations. Ultimately, plaintiff did not construct a building at all, and sold its property seven months after the TCO was obtained.
Plaintiff also failed to show that commencing construction in November 2012 would have been more costly, or otherwise less advantageous, than commencing in September 2011, or that defendant's delay affected the price it received for the sale of its own property.
To the extent plaintiff tried to show lost profits during the 13½ month delay, its expert submissions were "merely speculative, possible or imaginary" rather than "reasonably certain and directly traceable to the breach" (see Kenford Co. v County of Erie, 67 NY2d 257, 261 [1986]).
We reject plaintiff's contention that damages should be presumed because the contract provides that if the TCO deadline is missed, plaintiff "may" have a claim for up to $2 million. Rather than guaranteeing plaintiff a monetary award for a missed deadline, this provision contemplates the possibility of a claim, and caps any resulting damages at $2 million. Further, given that the consequences of a timely obtained TCO are not known, this is not a case where "it is reasonable to infer that there probably are damages from the breach" (see Northway Mall Assoc. v Bernlee Realty Corp., 90 AD2d 739, 739 [1st Dept 1982]).
As reflected in the orders on appeal, the motion court did not rely on matters outside the [*2]record in making its determinations. Thus, any mention by the court of such matters at oral argument is not a basis for reversal.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 27, 2018
CLERK