Gordon v Schaeffer (2019 NY Slip Op 07141)





Gordon v Schaeffer


2019 NY Slip Op 07141


Decided on October 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


10004 651077/16

[*1] Robert Gordon, Plaintiff-Respondent,
v
Donna Schaeffer, Defendant-Appellant.


Kreisberg & Maitland, LLP, New York (Gabriel Mendelberg of counsel), for appellant.
Hoffner PLLC, New York (David S. Hoffner of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about June 21, 2018, which, inter alia, granted plaintiff's motion for summary judgment as to liability for breach of contract, unanimously affirmed, without costs.
Plaintiff made a prima facie showing of defendant's liability by showing that the parties had entered into a contract in the form of a so-ordered stipulation, that plaintiff performed his obligations thereunder, and that defendant failed to abide by the stipulation's terms requiring that plaintiff be given notice and an opportunity to exercise his right of first refusal to purchase certain jewelry. Defendant's argument that the so-ordered stipulation was not supported by consideration is unavailing, given that the stipulation was in partial settlement of the parties' claims with respect to the subject jewelry (see Denburg v Parker Chapin Flattau & Klimpl, 82 NY2d 375, 383 [1993]). Moreover, the stipulation was so-ordered by the motion court in the prior action, giving its terms the weight of a court order (see Ford v City of New York, 54 AD3d 263, 266 [1st Dept 2008]).
Contrary to defendant's contention, plaintiff's motion as to liability need not be denied because he failed to demonstrate damages as a result of the breach (see Northway Mall Assoc. v Bernlee Realty Corp., 90 AD2d 739 [1st Dept 1982]). Nor, contrary to defendant's further contention, must a party seeking money damages, as opposed to specific performance, establish that it was ready, willing, and able to perform at the time of the breach in order to establish the other party's liability for the breach (see Analisa Salon, Ltd. v Elide Props., LLC, 46 AD3d 721, 726 [2d Dept 2007]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 3, 2019
CLERK